ADRIEN GIRARD, EXECUTOR (ESTATE OF SUSAN CONDON) *v.* JOSEPH WEISS
(14667)

Dupont, C. J., and O'Connell and Healey, Js.

398

Argued April 2—officially released October 1, 1996

*Donald J. McCarthy, Jr.*, for the appellant (plaintiff).

*Katherine C. Callahan*, with whom was *Karen K. Clark*, for the appellee (defendant).

DUPONT, C. J. The plaintiff, on behalf of his decedent, Susan Condon, instituted this medical malpractice action against the defendant physician, Joseph Weiss, for allegedly misdiagnosing a malignant tumor on Condon's foot. The trial court rendered summary judgment in favor of the defendant, from which the plaintiff appealed. The plaintiff raises two issues in this appeal, the first of which is whether the trial court, *Hon. Robert J. Hale*, state trial referee,[1] had authority to act on pretrial motions made by the defendant including the defendant's motion for summary judgment.[2] The second issue is whether the trial court properly precluded the plaintiff from offering expert testimony at trial. We conclude that the trial court did have authority to act on the defendant's pretrial motions, but that it improperly precluded the plaintiff from offering expert testimony at trial and, therefore, we reverse the granting of summary judgment rendered in favor of the defendant.

Because we reverse the summary judgment rendered in favor of the defendant, we also consider, pursuant to Practice Book § 4013 (a) (1) (B),[3] two rulings of

[1] We note the passage of recent legislation replacing the phrase "state trial referees" with the phrase "judge trial referees." Public Acts 1996, No. 96-37, § 8. Because this legislation was not effective when the parties submitted their briefs, for purposes of this opinion, we shall refer to judge trial referees as state trial referees.

[2] At least one pretrial motion, not involved in this appeal, was decided by *Hon. Frances Allen*, state trial referee. The defendant makes no argument as to her authority.

[3] Practice Book § 4013 (a) (1) provides in relevant part: "If any appellee wishes to . . . (B) present for review adverse rulings or decisions of the court which should be considered on appeal in the event the appellant is awarded a new trial . . . that appellee shall file a preliminary statement of issues within fourteen days from the filing of the appellant's preliminary statement of the issues. . . ."

the trial court that are adverse to the defendant. The defendant seeks review of (1) the denial by the trial court, *Sheldon, J.*, of another motion for summary judgment filed by the defendant, which sought judgment on the ground that the plaintiff's action was barred by the statute of limitations, and (2) the decision by Judge Hale precluding the defendant from subsequently pleading the statute of limitations as a special defense. These claims of the defendant are intertwined. We conclude that the trial court properly determined that the plaintiff's action was not barred by the statute of limitations and that it, therefore, properly denied the defendant's motion for summary judgment on that basis, and that the defense of the statute of limitations, on the facts of this case, should have been stricken from the defendant's answer.

The pertinent facts and procedural history are not in dispute.[4] The plaintiff instituted this action by the delivery of process to a sheriff on July 8, 1993, which was served on the defendant on July 23, 1993, in accordance with General Statutes § 52-593a.[5] On September 28, 1993, the defendant served requests for interrogatories and production on the plaintiff. One of the interrogatories sought the identity of the plaintiff's trial expert and the opinions and subject matter on which the expert was expected to testify.[6] On October 28, 1993, the day

---

[4] The particular claims of negligence surrounding the diagnosis and treatment of the decedent are not relevant to the issues raised on appeal and, therefore, are not discussed in this opinion.

[5] General Statutes § 52-593a (a) provides: "Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery."

[6] Interrogatory number fifty-five provides: "If you expect to call an expert witness at trial, please state:

"a. The identity of each such expert;

the responses to all of the interrogatories were due,[7] the plaintiff filed a motion for extension of time to respond, which the trial court granted, thereby extending the deadline until January 1, 1994. On January 7, 1994, the defendant filed a motion for nonsuit pursuant to Practice Book § 231[8] because the plaintiff had not responded to the discovery requests. The trial court did not enter a nonsuit, but ordered the plaintiff to comply with the discovery requests on or before February 28, 1994.

"b. The subject matter on which the expert is expected to testify;

"c. The substance of the facts and opinions to which the expert is to testify; and

"d. A summary of the grounds for each opinion."

[7] Practice Book § 224 provides in relevant part: "Any such interrogatories shall be answered under oath by the party to whom directed and such answers shall not be filed with the court but shall be served within thirty days . . . . The party serving the interrogatories may move for an order under Sec. 231 with respect to any failure to answer."

[8] Practice Book § 231 provides: "If any party has failed to answer interrogatories or to answer them fairly, or has intentionally answered them falsely or in a manner calculated to mislead, or has failed to respond to requests for production or for disclosure of the existence and contents of an insurance policy or the limits thereof, or has failed to submit to a physical or mental examination, or has failed to comply with a discovery order made pursuant to Sec. 230A, or has failed to comply with the provisions of Sec. 232, or has failed to appear and testify at a deposition duly noticed pursuant to this chapter, or has failed otherwise substantially to comply with any other discovery order made pursuant to Secs. 222, 226, and 229, the court may, on motion, make such order as the ends of justice require.

"Such orders may include the following:

"(a) The entry of a nonsuit or default against the party failing to comply;

"(b) The award to the discovering party of the costs of the motion, including a reasonable attorney's fee;

"(c) The entry of an order that the matters regarding which the discovery was sought or other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(d) The entry of an order prohibiting the party who has failed to comply from introducing designated matters in evidence;

"(e) If the party failing to comply is the plaintiff, the entry of a judgment of dismissal.

"The failure to comply as described in this section may not be excused on the ground that the discovery is objectionable unless written objection as authorized by Secs. 222, 226, and 229 has been filed."

On March 3, 1994, the defendant, pursuant to § 231, moved for a judgment of dismissal on the ground that the plaintiff did not comply with the court's order to respond to the defendant's discovery requests. On March 25, 1994, the plaintiff submitted responses to the defendant's request for interrogatories and production. In response to the interrogatory regarding the identity of the plaintiff's trial expert and the opinions and subject matter on which the expert was expected to testify, the plaintiff answered that "[n]o decision has yet been made with respect to an expert." The defendant viewed that answer as incomplete and, therefore, filed a motion to compel the plaintiff to answer the interrogatory. On September 26, 1994, counsel for both parties argued the motion before the trial court. The plaintiff argued that he could not disclose his experts until he had completed the defendant's deposition. At the conclusion of oral argument, the trial court granted the motion to compel discovery and ordered the plaintiff to depose the defendant within the next thirty days and further ordered the plaintiff to disclose his expert within thirty days after the date of the defendant's deposition. Although the plaintiff deposed the defendant on November 2, 1994, the plaintiff did not comply with the trial court's order to disclose the identity of his trial expert.

On December 7, 1994, the defendant filed a motion for a judgment of dismissal on the ground that the plaintiff failed to comply with the trial court's order compelling him to disclose the identity of his expert within thirty days of the defendant's deposition. The trial court did not render a judgment of dismissal, but did issue an order precluding the plaintiff from offering the testimony of any expert at trial.

On February 8, 1995, the defendant moved for summary judgment on the ground that the plaintiff could not prevail on his malpractice claim without expert testimony. The trial court granted the defendant's

motion for summary judgment and issued a memorandum of decision in which it concluded: "Since the plaintiff for good reason had been precluded from offering any expert testimony at trial, the plaintiff cannot establish the standard of care, a deviation from the standard of care or even that the defendant's conduct caused the plaintiff decedent's death. The plaintiff cannot sustain his burden of proof and therefore the defendant is entitled to judgment as a matter of law." Additional facts and procedural history will be discussed as they become relevant to the issues.

The standard of review of a trial court's decision granting a motion for summary judgment is well settled and is not challenged in this case. Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact." *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980). A trial court "must view the evidence in the light most favorable to the nonmoving party" when deciding a motion for summary judgment. *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 781, 595 A.2d 334 (1991); *Remington* v. *Aetna Casualty & Surety Co.*, 35 Conn. App. 581, 583, 646 A.2d 266 (1994). "The test is whether a party would be entitled to a directed verdict on the same facts." *Batick* v. *Seymour*, 186 Conn. 632, 647, 443 A.2d 471 (1982).

The plaintiff claims that the trial court (1) exceeded its powers and lacked jurisdiction when it (a) granted the defendant's motion to compel discovery, (b) precluded the plaintiff from offering the testimony of any expert at trial, and (c) granted summary judgment in favor of the defendant, and (2) improperly, on the mer-

its, granted the defendant's motion for summary judgment. The defendant claims that if we reverse the summary judgment rendered in his favor, we should conclude that his prior motion for summary judgment, which was based on his claim that the statutes of limitation had run, should have been granted. He further argues that the statutes of limitations that were subsequently pleaded as a special defense should not have been stricken from his answer.

I

We first consider the plaintiff's claim that challenges the jurisdiction of the trial court. See *Sadloski* v. *Manchester*, 228 Conn. 79, 84, 634 A.2d 888 (1993). The plaintiff claims that the trial court lacked both the authority and jurisdiction to decide the defendant's motion to compel discovery, to order the preclusion of expert testimony, and to grant the defendant's motion for summary judgment. The plaintiff, therefore, argues that the trial court's rulings on these motions should be vacated. The rulings on each of these motions were issued by the *Hon. Robert. J. Hale*, state trial referee. The powers and jurisdiction granted to state referees are set forth in General Statutes §§ 52-434[9]

[9] General Statutes § 52-434 provides in relevant part: "State referees. (a) Appointment of retired judges and members of the bar. Cases referred. (1) Each judge of the supreme court, each judge of the appellate court, each judge of the superior court and each judge of the court of common pleas who ceases or has ceased to hold office because of retirement other than under the provisions of section 51-49 and who is an elector and a resident of this state shall be a state referee for the remainder of his term of office as a judge and shall be eligible for appointment as a state referee during the remainder of his life in the manner prescribed by law for the appointment of a judge of the court of which he is a member. *The superior court may refer any civil, nonjury case or with the written consent of the parties or their attorneys, any civil jury case pending before the court in which the issues have been closed to such a state referee who shall have and exercise the powers of the superior court in respect to trial, judgment and appeal in the case. . . .*

"(b) Trial referees. The chief justice may designate, from among the state referees, *trial referees to whom criminal and civil cases and juvenile*

and 52-434a.[10] Pursuant to § 52-434 (a) (1), the Superior Court "may refer any civil, nonjury case or with the written consent of the parties or their attorneys, any civil jury case pending before the court in which the issues have been closed to such a state referee who shall have and exercise the powers of the superior court in respect to trial, judgment and appeal in the case."

The record reveals that the defendant filed a claim for a jury trial prior to the issuance of the trial court's orders granting the defendant's motion to compel, precluding the plaintiff from offering the testimony of any expert at trial, and granting the defendant's motion for summary judgment. Furthermore, a review of the record reveals an absence of any document or pleading that indicates that the trial court or any other judicial authority ever solicited or obtained the written or oral consent of the plaintiff or his attorney to have a state trial referee hear and decide any of the motions that are the subject of this appeal.

The plaintiff argues that the trial court failed to comply with § 52-434 because neither he nor his attorney consented to have a state trial referee hear and decide any of the motions that are at issue in this appeal. Moreover, the plaintiff argues that at no time did the state trial referee disclose his status and that the plain-

---

matters may be referred. Criminal cases and civil cases of an adversary nature shall be referred only to state referees who are designated as trial referees. . . ." (Emphasis added.)

[10] General Statutes § 52-434a (a) provides: "In addition to the powers and jurisdiction granted to state referees under the provisions of section 52-434, a chief justice or judge of the supreme court, a judge of the appellate court, a judge of the superior court or a judge of the court of common pleas, who has ceased to hold office as justice or judge because of having retired and who has become a state referee and has been designated as a trial referee by the chief justice of the supreme court shall have and may exercise, with respect to any civil matter referred by the chief court administrator, the same powers and jurisdiction as does a judge of the court from which the proceedings were referred."

tiff was unaware that he was in fact a state trial referee and not a judge of the Superior Court. The plaintiff asserts that the trial court's alleged failure to comply with § 52-434 deprives it of jurisdiction and, therefore, its orders and decisions are void, or at the very least voidable, and that the summary judgment rendered in this case should be vacated.

The defendant argues that the plaintiff impliedly consented to having the motions decided by a state trial referee because at no time did the plaintiff raise an objection to the referral of these motions to a state trial referee, and, alternatively, that a state trial referee did have jurisdiction to decide the motions at issue in this case, without the consent of the parties.

Although this case was claimed for trial by a jury, the pleadings were not closed at the time the motions at issue in this appeal were referred to and heard by the state trial referee, and, therefore, the status of the pleadings in this case was such that it was not a "civil jury case pending before the court in which the issues have been closed." Section 52-434 makes it clear that if the issues have been closed in a civil jury case at the time of reference to a state trial referee, written consent of the parties must be obtained. The determinative issue in this appeal is whether a state trial referee is authorized to hear and decide pretrial motions involving cases claimed for a jury in which the issues have not been closed at the time of reference and which, therefore, have not been placed on the jury trial list. The statute does not specifically address this issue, and we next look to the rules of practice.

Practice Book § 430[11] echoes § 52-434 and adds a sentence that permits the reference to a state trial ref-

[11] Practice Book § 430 provides: "Reference to Trial Referee

"The clerk shall give notice to each referee of a reference and note in the court file the date of the issuance of the notice. In addition to matters required to be referred to a trial referee, the judicial authority may refer

eree of any civil jury case and "any motion for summary judgment[12] and any other pretrial matter in any civil nonjury or civil jury case." Section 430, however, is silent as to whether the consent of the parties is needed to refer pretrial motions including motions for summary judgment to a state trial referee. We conclude that the absence of a consent requirement in the provisions of § 430 regarding the referral of pretrial matters to trial referees, in contrast to the express mandate for such consent contained in the provisions of General Statutes § 52-434 (a) (1) and Practice Book § 430 regarding the referral of civil jury cases in which the issues have been closed and in which the trial referee is to exercise the powers of the Superior Court in respect to trial, judgment and appeal, indicates that no such consent is necessary for the referral of pretrial matters, including motions for summary judgment. Because all of the motions at issue in this appeal were pretrial motions, including a motion for summary judgment, the trial court was authorized to hear and decide those motions without the consent of the parties. The plaintiff, therefore, had no right to have the motions at issue in this appeal decided by a judge of the Superior Court and we are, therefore, not concerned with whether the plaintiff

---

any civil nonjury case or, with the written consent of the parties or their attorneys, any civil jury case, pending before such court, in which the issues have been closed, to a trial referee, who shall have and exercise the powers of the superior court in respect to trial, judgment and appeal in such case. Any case referred to a trial referee shall be deemed to have been referred for all further proceedings and judgment, including matters pertaining to any appeal therefrom, unless otherwise ordered before or after the reference. *The court may also refer to a trial referee any motion for summary judgment and any other pretrial matter in any civil nonjury or civil jury case.*" (Emphasis added.)

Prior to October 1, 1990, the last sentence of this rule of practice allowed reference for "any short calendar matter" instead of "any motion for summary judgment."

[12] After October 1, 1992, the pleadings do not have to be closed as between the parties in order for a party to move for summary judgment. Practice Book § 379.

impliedly consented to have these motions heard and decided by a state trial referee.

Although § 52-434 does not expressly provide that pretrial matters in both jury and nonjury cases in which the issues have not been closed may be referred to state trial referees without the consent of the parties, § 52-434 (b) does provide that the "chief justice may designate, from among state referees, trial referees to whom criminal and *civil cases* and juvenile matters may be referred." (Emphasis added.) We find nothing in the language of § 52-434 that would confute the language of Practice Book § 430 in which pretrial matters may be heard by state trial referees without the consent of the parties, and we, therefore, conclude that § 430 does not exceed the powers and jurisdiction of state trial referees as provided pursuant to § 52-434.[13] In this case, the state trial referee had the power to decide the motions involved in this appeal.

II

The plaintiff's next claim is that the trial court improperly precluded him from offering expert testimony at trial. Because the trial court concluded that the plaintiff could not sustain his burden of proof without the offering of expert testimony,[14] the court rendered summary judgment in favor of the defendant. The plaintiff asserts that the summary judgment was improperly rendered because that judgment was predicated on the trial court's improper order precluding the plaintiff from offering expert testimony at trial.

---

[13] We note that the referral of summary judgments and pretrial matters to trial referees by way of Practice Book § 430 was not addressed in either of the briefs of the parties.

[14] The plaintiff concedes that he cannot sustain his burden of proof without the offering of expert testimony. See, contra, *Bourquin* v. *B. Braun Melsungen*, 40 Conn. App. 302, 313–17, 670 A.2d 1322, cert. denied, 237 Conn. 909, 675 A.2d 456 (1996).

As a result of the plaintiff's failure to identify his expert and the opinions and subject matter on which the expert is expected to testify, the trial court, on January 4, 1995, issued an order precluding the plaintiff from offering expert testimony. At the time that the trial court issued its order of preclusion, Practice Book § 220 (D)[15] required a plaintiff to disclose the name of his expert "within 60 days from the date the case is claimed to a trial list." Because this case was never claimed to a trial list, the plaintiff argues that the trial court was without authority to order the disclosure of the plaintiff's expert in a shorter time frame than that established by § 220 (D).[16] We agree.

[15] Practice Book § 220 provided in relevant part: "Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of Sec. 218 and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

"(A) (1) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. . . .

"(D) In addition to and notwithstanding the provisions of subsections (A), (B) and (C) of this rule, any plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties *within 60 days from the date the case is claimed to a trial list.* Each defendant shall disclose the names of his or her experts in like manner within 120 days from the date the case is claimed to a trial list. If disclosure of the name of any expert expected to testify is not made in accordance with this subsection, or if an expert witness who is expected to testify is retained or specially employed after that date, such expert shall not testify except in the discretion of the court for good cause shown." (Emphasis added.)

We note that § 220 (D) was significantly amended effective October 1, 1995. See W. Moller & W. Horton, 1 Connecticut Practice Series: Practice Book Annotated (Sup. 1996) § 220, comment. Section 220 now provides that any plaintiff expecting to call an expert witness shall disclose the name of that expert "within a reasonable time prior to trial."

[16] We note that at no time did the plaintiff claim to have retained the services of an expert witness. During argument on the defendant's motion

The scope of discovery of experts is set forth in Practice Book § 220. Subsection (A) of § 220 permits a defendant, through the use of interrogatories, to discover the identity of a plaintiff's expert witness and the substance of the facts and opinions to which the expert is expected to testify. Subsection (D) of § 220 provides that, except in the discretion of the court for good cause shown, such an expert shall be precluded from offering testimony at trial if a plaintiff failed to disclose the identity of that expert within sixty days from the date the case is claimed to a trial list.

The trial court's order precluding the plaintiff from offering expert testimony was not predicated on § 220 (D), but rather on Practice Book § 231. The question is which rule of practice controls. Pursuant to § 231, as a result of a party's failure to comply with a discovery order "made pursuant to Secs. 222, 226 and 229," the court may issue a number of orders "as the ends of justice require." One such order is "an order prohibiting the party who has failed to comply from introducing designated matters in evidence." Practice Book § 231 (d).

Although § 231 refers specifically to a number of other sections of our rules of practice with which a party may have failed to comply,[17] it does not mention Practice Book § 220. The scope of § 220 is limited to discovery involving experts and begins by stating that such discovery "may be obtained *only as follows*

---

for a judgment of dismissal on December 19, 1994, the plaintiff's counsel stated that "[i]f I, indeed, had a trial expert, which I had already signed up and had paid to become a trial expert, then in answer to the interrogatories I should probably answer those, but I'm not required to. But I don't have to and have not paid anyone yet to be a trial expert."

[17] A party's failure to comply with § 222, entitled "Interrogatories," § 226, entitled "Requests for Production, Inspection and Examination," § 230A, entitled "Disclosure of Assets in Cases in Which Prejudgment Remedy Sought," or § 232, entitled, "Continuing Duty to Disclose" are all listed as sufficient cause for a trial court to issue an order prescribed by § 231.

. . . ." (Emphasis added.) We cannot ignore the express time limitation in which to disclose the identity of a party's expert witness pursuant to § 220 (D) because "[i]t is a well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling. . . ."[18] (Citations omitted; internal quotation marks omitted.) *Plourde* v. *Liburdi*, 207 Conn. 412, 417, 540 A.2d 1054 (1988).

"Whether to exclude testimony under § 231 (d) is a matter entrusted to the sound discretion of the trial court." *Tessmann* v. *Tiger Lee Construction Co.*, 228 Conn. 42, 48, 634 A.2d 870 (1993). While this court has consistently yielded to the sound discretion of a trial court's decision to preclude expert testimony pursuant to § 231 (d); *Roberto* v. *Honeywell, Inc.*, 33 Conn. App. 619, 624–26, 637 A.2d 405 (1993), cert. denied, 229 Conn. 909, 642 A.2d 1205 (1994); *Guzze* v. *New Britain General Hospital*, 16 Conn. App. 480, 484–85, 547 A.2d 944, cert. denied, 209 Conn. 823, 552 A.2d 430 (1988); *Perez* v. *Mount Sinai Hospital*, 7 Conn. App. 514, 518–19, 509 A.2d A.2d 552 (1986); a review of this line of cases reveals that the preclusion of expert testimony was sought *after* the mandatory time period in § 220 (D) had passed or before a mandatory time period was provided for in this section.[19] Cases involving a trial court's discretion to preclude expert testimony that have been decided by our Supreme Court have also

---

[18] We note that the rules of statutory construction apply with equal force to our rules of practice. *Roberto* v. *Honeywell, Inc.*, supra, 33 Conn. App. 625.

[19] We note that because subsection (D) of Practice Book § 220 was not established as a rule of practice until October 1, 1986, cases involving rulings issued prior to that date are not relevant to this issue because no such specific time requirement for the disclosure of a party's expert was in place at that time. Furthermore, because § 220 (D) was amended on October 1, 1995; see footnote 15; cases involving rulings after that date are also not relevant.

involved preclusion only after the mandatory time period of § 220 (D) had passed. *Knock* v. *Knock*, 224 Conn. 776, 780–83, 621 A.2d 267 (1993); *Berry* v. *Loiseau*, 223 Conn. 786, 793–802, 614 A.2d 414 (1992); *Mulrooney* v. *Wambolt*, 215 Conn. 211, 221–23, 575 A.2d 996 (1990); *Pool* v. *Bell*, 209 Conn. 536, 540–42, 551 A.2d 1254 (1989).

Although our case law clearly recognizes a trial court's discretion to preclude expert testimony pursuant to § 231 (d), we conclude that such discretion does not arise under either § 231 (d) or § 220 (D)[20] until a party has failed to comply with the express time limitation set forth in § 220 (D) in which to disclose the identity of an expert witness.

The language in *Bourquin* v. *B. Braun Melsungen*, 40 Conn. App. 302, 670 A.2d 1322, cert. denied, 237 Conn. 909, 675 A.2d 456 (1996), shows that we view the provisions of § 220 (D) as a time limitation before the expiration of which a party need not disclose the identity of an expert witness and that until that period has expired, a trial court has no discretion to impose the sanction of § 220 (D), although it may exercise its discretion thereafter. In describing the procedural background, the *Bourquin* court noted that the trial court "had previously granted a motion to preclude such testimony after the plaintiff had failed to disclose such a witness within the deadline previously set by the court after the time limit established by Practice Book § 220 (D) had expired." Id., 304.

This interpretation of the interplay between the trial court's authority to preclude expert testimony pursuant to § 231 (d), and the time limitation set forth in § 220 (D) in which to disclose the identity of an expert witness, is

---

[20] Practice Book § 220 (D) allows an expert witness to testify even if the expert witness is not disclosed within sixty days from the date the case is claimed to a trial list, "in the discretion of the court for good cause shown."

logical because until the issues are joined, i.e., until the pleadings are closed and the case is claimed to the trial list, a party may not know the breadth of expert testimony that is needed to support his case or whether expert testimony is needed at all. See *Puro* v. *Henry*, 188 Conn. 301, 449 A.2d 176 (1982).

In the present case, the record reveals that at the time that the trial court issued its order precluding the plaintiff from offering expert testimony at trial, the pleadings were not closed and the case was not claimed to a trial list. Because the time limit in § 220 (D) had not expired, we conclude that the trial court was not authorized to preclude the plaintiff from offering expert testimony at trial and therefore reverse the trial court's decision to render summary judgment in favor of the defendant.

### III

Because we reverse the summary judgment rendered in the defendant's favor, we next consider the prior adverse ruling that denied the defendant the summary judgment that he sought on the ground that the plaintiff's action was time barred. We also consider the adverse ruling in which the trial court overruled the defendant's objections to the plaintiff's requests to revise, thereby deleting special defenses relating to statutes of limitations from the defendant's answer.

On March 10, 1994, the trial court, *Sheldon, J.*, denied the defendant's motion for summary judgment. The motion's sole basis was that General Statutes § 52-584[21]

[21] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a

barred the action. Several additional facts are needed to resolve the question of whether the denial was proper. The alleged negligence of the defendant occurred on June 20, 1990, and the diagnosis of malignancy was made in September, 1990. The decedent died on April 9, 1992.[22] On April 8, 1993, the plaintiff obtained an automatic ninety day extension of the statute of limitations pursuant to General Statutes § 52-190a (b),[23] concerning negligence actions against health care providers, and suit was instituted on July 8, 1993. At the time the summary judgment was decided, the pleadings were not closed nor was closure required by the rules of practice; see Practice Book § 378; and the case had not been placed on a trial list or assigned for trial. After the motion for summary judgment was denied, the defendant filed a special defense of statutes of limitations. The plaintiff then filed requests to revise attacking the defendant's special defense that the plaintiff's action was time barred, and sought a revision of the special defenses by deletion of the special defense of statutes of limitations. The defendant objected to the requests to revise and Judge Hale overruled the objections on October 13, 1994, thereby striking the special defense of statutes of limitations. The pleadings were closed upon the filing of the plaintiff's reply to the defendant's remaining special defense of contributory negligence on March 13, 1995.

counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[22] General Statutes § 52-594 provides: "If the time limited for the commencement of any personal action, which by law survives to the representatives of a deceased person, has not elapsed at the time of the person's death, one year from the date of death shall be allowed to his executor or administrator to institute an action therefor. In computing the times limited in this chapter, one year shall be excluded from the computation in actions covered by the provisions of this section."

[23] General Statutes § 52-190a (b) provides: "Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods."

In deciding the defendant's motion for summary judgment, the trial court first discussed whether a motion for summary judgment was a proper procedural vehicle to attack the timeliness of the plaintiff's action and concluded that it was not, but determined that, if it were, the plaintiff's action was timely and that summary judgment should be denied on the merits. The trial court relied on *Forbes* v. *Ballaro*, 31 Conn. App. 235, 624 A.2d 389 (1993), to conclude that the defendant's motion was not properly before the court.

In *Forbes*, the defendant had not pleaded the special defense that the plaintiff's action was barred by a statute of limitations, but instead sought to have the plaintiff's complaint stricken prior to pleading such a special defense. We held, on the facts of that case, that "[a] claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Id., 239. We also concluded that there are two exceptions to that holding. Those exceptions relate to situations in which a motion to strike, filed instead of a special defense of a statute of limitations, would be permitted. If all of the facts pertinent to the statute of limitations are pleaded in the complaint and the parties agree that they are true, or if a statute creating the cause of action on which the plaintiff relies fixes the time within which the cause of action must be asserted, a motion to strike would be allowed. Id., 239–40.

The question we must resolve is whether a motion for summary judgment and a motion to strike based on the time barring of a plaintiff's cause of action are to be treated similarly such that in either case the raising of the issue generally would be premature prior to a pleading asserting a time limitation as a special defense. The issue arises only in cases that apply Practice Book § 379, as effective October 1, 1992, because until that date there was a requirement that the pleadings be

closed before seeking a summary judgment. A motion to strike should not generally be used to assert a special defense because the facts in a plaintiff's complaint must be taken as true for purposes of the motion, without considering contrary facts proffered by a defendant to show that the action is time barred and because until the pleadings are closed the plaintiff has not had an opportunity to plead in avoidance of the statute.

If we were to hold that a motion for summary judgment cannot be made prior to pleading a statute of limitations as a special defense,[24] we would negate that portion of § 379 that provides that a motion for summary judgment can be made "at any time," without the necessity of closing the pleadings. If a defendant chooses to postpone raising a time limitation as a bar to the plaintiff's cause of action by way of a special defense, in favor of obtaining an earlier disposition by way of summary judgment, we see no reason why he should not be allowed to do so. Limitation defenses are procedural and can be waived. *Orticelli* v. *Powers*, 197 Conn. 9, 16, 495 A.2d 1023 (1985).

Facts that are not alleged in a complaint may be added to the procedural mix and facts in avoidance of the statutory time limitation of action can be considered in a motion for summary judgment, whereas they cannot be considered in a motion to strike. On a motion for summary judgment, the questions are whether there is any material fact in issue, and, if not, whether the movant is entitled to judgment as a matter of law. The key difference between the two motions is that, when considering a motion for summary judgment, facts in addition to those asserted in the complaint can form the basis for an argument that there is no material fact in dispute that would prevent judgment as a matter of

---

[24] Pursuant to Practice Book § 164, a statute of limitations shall be pleaded as a special defense.

law.[25] When there is no such material fact in dispute or where there is agreement of the parties as to every relevant fact, we conclude that the pleadings need not be closed in order to move for summary judgment. See *Vilcinskas* v. *Sears, Roebuck & Co.*, 144 Conn. 170, 171–72, 127 A.2d 814 (1956). Here, the parties do not disagree as to the facts, and we therefore hold that the trial court could properly consider the motion for summary judgment.

After the motion for summary judgment was denied, the defendant filed special defenses raising some of the same statutory limitations as were raised in his motion for summary judgment. The plaintiff requested revisions that, in effect, called for the deletion of any special defense relating to any statutory provision that claimed the plaintiff's action was time barred. The request to revise was an inappropriate way to contest the special defenses because none of the reasons listed in Practice Book § 147,[26] which addresses requests to revise, is present in this case. Instead, the plaintiff should have moved to strike the special defenses because he sought a test of their legal sufficiency. See Practice Book § 152 (5); see also *Forbes* v. *Ballaro*, supra, 31 Conn. App. 235. We do not condone the misuse of the rules of practice, but, in the interest of judicial economy, we will treat the request to revise as a motion to strike.

[25] Practice Book § 380 provides in relevant part: "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. . . ."

[26] Practice Book § 147 provides: "Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading, or (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, or (3) separation of causes of action which may be united in one complaint when they are improperly combined in one count, or the separation of two or more grounds of defense improperly combined in one defense, or (4) any other appropriate correction in an adverse party's pleading, the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading."

The court, at the time it considered the defendant's "Objections to Revise," had all of the appropriate statutes of limitations before it. Because § 52-594 requires a consideration of whether the "time limited for the commencement" of the action had elapsed at the time of the plaintiff's decedent's death, both that statute and § 52-584, which establishes that time limitation, must be considered together. Additionally, the timeliness of the plaintiff's action cannot be resolved without also considering § 52-190a (b).

Section 52-584, as pertinent to this case, provides time limits for actions of malpractice of a physician and allows two years from the date when the injury is first discovered for the institution of suit. The parties agree that the injury was first discovered before two years had elapsed and that, at the time of the decedent's death on April 9, 1992, the statute of limitations in § 52-584 had not run. Section 52-594 provides that if the limit of time to bring the decedent's action has not elapsed at the time of the death, an action may be instituted within one year from the date of death. The suit, therefore, should have been brought by April 9, 1993. Section 52-190a (b) grants an automatic ninety day extension of the statute, making it clear that the ninety days is in addition to other tolling periods. Suit here was instituted on July 8, 1993, and is not time barred.

As a matter of law, we hold that the defense of limitations should be stricken from the defendant's answer.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion

In this opinion the other judges concurred.