[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The minor plaintiff, Jane Doe ("Doe"), brings this action through her mother and next friend, Jane Roe ("Roe"), against the defendants, minor Brett Colletto and his mother Diane Colletto. The plaintiffs allege that the minor defendant sexually assaulted the minor plaintiff to which the defendants filed an answer and asserted two special defenses. The plaintiffs move to strike the defendants' second special defense on the ground that it is "legally insufficient in that it is barred by the doctrine of parental immunity as to both Plaintiffs."
In this special defense, the defendants allege that the plaintiff-mother, Roe, was present at the defendants' home and was "aware that defendant, Brett Colletto was alone . . . and had agreed to be available as a supervisor for Brett Colletto [in] defendant Diane Colletto's absence." The defendants further allege that the minor plaintiff was also "under the supervision of her mother, plaintiff Jane Roe . . . [and that the] plaintiff Jane Roe is guilty of contributory negligence in that she failed to adequately supervise her daughter Jane Doe and the defendant Brett Colletto despite having the duty and responsibility to supervise each of them." The plaintiffs move to strike this second special defense on the ground that it is barred by the doctrine of parental immunity.
"[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see alsoConnecticut National Bank v. Voog, 233 Conn. 352, 354-55,659 A.2d 172 (1995); Girard v. Weiss, 43 Conn. App. 397, 417,682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996). "In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the CT Page 5056 special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992).
"The purpose of the doctrine [of parental immunity] is to preserve the integrity and unity of the family and to avoid unnecessarily injecting the machinery of the state into the day-to-day exercise of parental discretion. . . . [T]here are few things more disruptive of familial harmony than a legal action by an unemancipated minor child against a parent." (Alterations in original; citations omitted; internal quotation marks omitted.) Purzycki v. Fairfield, 244 Conn. 101, 115,708 A.2d 937 (1998); see also Henderson v. Woolley, 230 Conn. 472,479, 644 A.2d 1303 (1994).
"This court has indicated its reluctance to abandon parental immunity in regard to the performance of acts involving parental care, supervision and discretion." Henderson v. Woolley, supra,230 Conn. 480-81. "[W]e have recognized that the doctrine of parental immunity is particularly applicable in the area of parental supervision and discretion with respect to the care and control of a minor child. . . . The supervision, care and instruction of ones child involves issues of parental control, authority, and discretion that are uniquely matters of a very personal type. Each parent has unique and inimitable methods and attitudes on how children should be supervised. Likewise, each child requires individualized guidance depending on intuitive concerns which only a parent can understand." (Citations omitted; internal quotation marks omitted.) Squeglia v. Squeglia,234 Conn. 259, 269, 661 A.2d 1007 (1995).
"This court has concluded previously that the doctrine of parental immunity bars claims alleging negligent parental supervision and the negligent exercise of parental discretion whether raised as a special defense or a counterclaim."Richardson v. Schochat, Superior Court, judicial district of New Haven at New Haven, Docket No. 398264 (Jan. 29, 1998, Lager, J.), see also Norwood v. Gordon, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 472232 (Apr. 28, 1997, Lager, J.).
The doctrine of parental immunity bars claims of parental negligence by a minor child even if the parent is a party to the lawsuit. Clements v. Rattinger, Superior Court, judicial district CT Page 5057 of Danbury, Docket No. 322063 (Aug. 3, 1998, Lager, J.); Cardonav. White, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 544375 (Aug. 3, 1998, Lager, J.). "Moreover, even if the parents were parties to this suit, the purposes of the parental immunity doctrine most certainly would be defeated if evidence of negligent supervision of their child could nonetheless be introduced into the case in an effort to reduce the defendants' potential liability. . . . While the defendants may perceive this as leading to an inequitable result, it is not an irrational policy to choose to protect immune persons from involvement in litigation at the potential cost of some disproportionate liability." (Citation omitted.) Ayala v.Meehan, Superior Court, judicial district of Windham at Putnam, Docket No. 049450 (June 30, 1997, Lager, J.).
In this case, the defendants allege in their second special defense that the plaintiff mother, Jane Roe, is contributorily negligent since she failed to provide adequate supervision to the minor plaintiff and the minor defendant. This falls within the doctrine of parental immunity and, as such, the second special defense is legally insufficient.
In opposition to the motion to strike, the defendants citeHenderson v. Woolley, supra, 230 Conn. 486, for the proposition that the doctrine of parental immunity does not bar this action since the plaintiff's injuries allegedly arose out of sexual abuse. The Henderson case holds that "the parental immunity doctrine does not bar an action by a minor child against his or her parent for personal injuries arising out of sexual abuse, sexual assault or sexual exploitation." Id., 486.
However, in the Henderson case, the plaintiff sued her own
father for alleged sexual assault and misconduct by him. "Therefore, the purpose of the preservation of family harmony cannot justify immunity in the case of sexual abuse of a child by a parent." Id., 482. The one who allegedly sexually abused the plaintiff was her own parent. Therefore, the doctrine of parental immunity did not bar her action. In the present case, the minor plaintiff is not alleging that her own parents sexual abuse caused her personal injuries. Rather, the minor plaintiff is alleging that the minor defendant sexually abused her and thus, the purpose of the doctrine of parental immunity being to preserve family harmony, it still applies to bar the defense in this case.
CT Page 5058 The defendants also argue that "the Plaintiff parent owed a duty of care to both the Plaintiff child and the Defendants . . . [and that she] breached that duty of care to the Defendants as well as to her own child." However, this argument is inapposite and the doctrine of parental immunity still applies. The defendants allege that "the plaintiff Jane Roe is guilty of contributory negligence in that she failed to adequately supervise her daughter Jane Doe and the defendant Brett Colletto despite having the duty and responsibility to supervise each of them." Contributory negligence, however, relates to the duty of the plaintiff Roe to the one who allegedly sustained injuries, who in this case is the minor plaintiff. Since the minor plaintiff is the daughter of the plaintiff Roe, the doctrine of parental immunity bars the defendants from asserting a claim of contributory negligence for failure to adequately supervise the children as to the minor plaintiff.[1]
Since the second special defense is legally insufficient in that it is barred by the doctrine of parental immunity, the plaintiffs' motion to strike is hereby granted.
D'ANDREA, J.