[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
CT Page 12715
 I. INTRODUCTION
The plaintiff Robert P. Golden, Jr. has brought this Amended Complaint, dated March 5, 1999, alleging medical malpractice. The Amended Complaint is in four counts, the First and Third Counts being directed at the Defendant Johnson Memorial Hospital, Inc. ("Hospital"), and the Second and Fourth Counts being directed at the Defendant Connecticut Pathology Associates, P.C. ("Associates").[1] The initial writ, summons and complaint, dated July 16, 1998 and returnable September 1, 1998, was served on the Defendant Hospital on July 20, 1998, and on the Defendant Associates on July 21, 1998.
Before the Court are motions for summary judgment filed by each Defendant. The motions are on the ground, inter alia, that this action has long since been barred by the applicable statute of limitations, General Statutes § 52-584. The Defendant Hospital has filed an answer with a special defense of the statute of limitations. Normally, the statute of limitations defense must be so pleaded. Practice Book § 10-50. The Defendant Associates has not done so. However, as amended in 1992, Practice Book § 17-44, with exceptions not here applicable, permits a motion for summary judgment to be filed at any time. Accordingly, it is no longer necessary that a motion asserting the statute of limitations be preceded by the pleading of such a special defense. Girard v.Weiss, 43 Conn. App. 397, 415-18, cert. denied, 239 Conn. 946
(1996).
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarezv. Dickmont Plastics, Corp., 229 Conn. 99, 105 (1994); Practice Book § 17-49. A material fact is one that will make a difference in the result of the case. Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578 (1990). The moving party has the burden of showing the absence of any genuine issue of material fact. Id. The test is whether a party would be entitled to a directed verdict on the same facts. Id. Once the moving party has presented evidence in support of the motion, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Id. Mere assertions of fact are CT Page 12716 insufficient to refute evidence properly presented to the court under Practice Book § 17-45. Id.
The claimed malpractice concerns an alleged misdiagnosis of tissue samples at the time of a lymphadenectomy performed on the Plaintiff at the Defendant Hospital on March 24, 1986. After further surgery performed in late 1997, the Plaintiff was diagnosed with an advanced stage of Hodgkins Disease, requiring removal of his spleen and abdominal lymph nodes.[2] The Plaintiff asserts that as a result of the claimed malpractice, he has suffered an advanced stage of this disease, and has been deprived of a chance for successful treatment by radiation therapy.
General Statutes § 52-584 provides that an action to recover damages for medical malpractice must be brought within two years "from the date when the injury is first sustained or discovered . . . except that no such action may be brought more than three years from the date of the act or omission complained of. . . ." Clearly, more than three years have elapsed since the occurrence of the alleged misdiagnosis. Absent an exception, this action is therefore barred.
In opposition to the motions, the Plaintiff contends that (1) the continuing course of conduct tolling doctrine applies, thus making this action timely; and (2) the three-year limitation period as applied to this case is unconstitutional under the Connecticut and United States Constitutions. These issues will be reviewed in order.
 II. TOLLING DOCTRINE
The Plaintiff first contends that there is a genuine issue of material fact whether the statute of limitations was tolled by the continuous course of conduct doctrine. That doctrine and the companion continuous treatment tolling doctrine are analyzed at length in Blanchette v. Barrett, 229 Conn. 256 (1994).
"The continuing course of conduct doctrine requires that three requirements be met: (1) an ongoing physician-patient relationship; (2) negligence by the defendant; and (3) some form of conduct that continued beyond the initial treatment." Witt v.St. Vincent's Medical Center, 52 Conn. App. 699 (1999), paraphrasing Blanchette v. Barrett, supra, at 229 Conn. 278. It requires evidence of a breach of duty that remained in existence CT Page 12717 after commission of the alleged wrong, and did not terminate prior to the commencement of the limitations period. Blanchettev. Barrett, supra, at 229 Conn. 275. Such a finding requires evidence of either a special relationship between the parties giving rise to such a continuing duty, or some later wrongful conduct of a defendant related to the act or omission comprising the claimed prior wrongdoing. Id., The doctrine is "conspicuously fact-bound." Id., 276.
The determination of whether the physician-patient relationship has terminated depends on several factors, including: the subjective views of the parties as to whether the relationship has terminated; the length of their relationship; the frequency of their interactions; whether the physician was monitoring the condition of the patient; and whether the patient was relying on the opinion and advice of the physician with regard to the particular condition, or had begun to consult with another physician concerning the same. Blanchette v. Barrett,
supra, at 229 Conn. 279. No formal termination is required. If there is nothing more to be done by the physician respecting the subject condition, or if he ceases to treat the patient therefor, the relationship ordinarily ceases without formality. Id., 275.
It was incumbent upon the Plaintiff to produce some evidence that the relationship between him and one or both Defendants had not terminated. The evidence is to the contrary. The plaintiff had no dealings with the Defendant Association, and in fact was unaware of its involvement in analyzing the 1986 biopsy. Following his March, 1986 surgery at the Defendant Hospital, the Plaintiff had no relevant dealings or other interaction with the Hospital through 1997.[3] During this almost twelve-year period there was no ongoing relationship, consultation or contact of any sort or nature between the Plaintiff and any Defendant concerning the Plaintiff's health, physical condition, or the subject matter of the 1986 surgery and biopsy.
The Plaintiff relies upon a Corrected Report issued by the Defendant Hospital under date of January 28, 1998 correcting the pathologic diagnosis of the biopsy slides taken during the 1986 surgery. That report resulted from a then conducted review of those sides.[4] The Plaintiff contends that this review and report create a factual issue concerning the existence of the requisite continuing course of conduct. The Court disagrees. The time gap is too great. CT Page 12718
This case is virtually a mirror image of the factual pattern in Witt v. St. Vincent's Medical Center, supra. In Witt, the defendant pathologist had misdiagnosed a biopsy specimen sent to him for analysis following surgery in 1983. Eleven years later, in 1994, when the plaintiff discovered he was suffering from a cancer condition, the misdiagnosis came to light with what could be construed as admission thereof from the defendant. Summary judgement in favor of the defendant was affirmed. The eleven-year gap was too great. Since there was only a single medical service provided, there was no breach of any duty that thereafter remained, rendering the continuing course of conduct doctrine inapplicable. Witt v. St. Vincent's Medical Center, supra, at52 Conn. App. 707. Such is the situation in the case before this Court.
The Plaintiff claims that the Defendants had a duty to warn the Plaintiff of the misdiagnosis, thus triggering the continuing course of doctrine. That argument was rejected in Blanchette v.Barrett, supra. There, as here, there was no evidence that the defendants timely became aware of the misdiagnosis and withheld that information from the plaintiff. The Blanchette court stated its rationale as follows:
 More fundamentally, we disagree with the premise that a physician who has performed a misdiagnosis has a continuing duty to correct that diagnosis in the absence of proof that he subsequently learned that his diagnosis was incorrect. While there may be instances in product liability situations where a continuing duty to warn may emanate from a defect, without proof that the manufacturer actually knew of the defect . . . the same principle does not apply to a physician's misdiagnosis. To apply such a doctrine to medical misdiagnosis would, in effect, render the repose part of the statute of limitations a nullity in any case of misdiagnosis. We do not think that the language or policy of the statute permits such a reading.
Blanchette v. Barrett, supra, at 229 Conn. 284 (internal citations omitted).
 III. CONSTITUTIONAL CLAIMS
The Plaintiff next contends that the three year repose provision of General Statutes § 52-584 violates the Connecticut Constitution Article First, § 10 guarantee of access to the CT Page 12719 courts, as well as the due process and equal protection provisions of Article First, §§ 1 and 20 of the Connecticut Constitution and the Fourteenth Amendment of the United States Constitution. The gist of this contention is that there exists a basic unfairness in denying a party's constitutional right of access to the courts by a limitation period that expires prior to the time he discovers the harm giving rise to his claim. According to the Plaintiff, this limitation is particularly suspect in the medical malpractice context in connection with diseases or conditions, such as Plaintiff's, that have a long latency period and do not manifest themselves within the limitation period.
In support of its position, the Plaintiff cites an Indiana Supreme Court case, Martin v. Richey, 711 N.E.2d 1273, 1284
(1999). In addition, the Plaintiff cites two Connecticut Superior Court cases: Lange v. Flynn, judicial district of Hartford-New Britain at Hartford, Docket No. 327300 (September 14, 1987, Maloney, J.) (2 C.S.C.R. 1032); George v. Soderholm, judicial district of Fairfield at Bridgeport, Docket No. 223840 (May 13, 1987, Berdon, J.) (2 C.S.C.R. 635). But see, contra, Sherwood v.Danbury Hospital, judicial district of Danbury, Docket No. 324786 (December 2, 1998, Radcliffe, J.).
While neither the Connecticut Supreme Court nor the Connecticut Appellate Court have specifically addressed the issue of the constitutionality of General Statutes § 52-584 in the medical malpractice context,[5] they have upheld against constitutional attack statutes of limitation in analogous situations where the limitation period expired prior to the claim accruing or the injury being discovered. See, e.g.: Daily v. NewBritain Machine Co., 200 Conn. 562, 582-86 (1986) (ten year limitation of General Statutes § 52-577a concerning product liability claim); Sanborn v. Greenwald, 39 Conn. App. 289 (1995) (legal malpractice action accruing after expiration of three-year limitation period of General Statutes § 52-577).
The current status of the enforceability of the three-year repose section of General Statutes § 52-584 in the context of medical malpractice litigation was succinctly stated inBlanchette v. Barrett, supra, at 229 Conn. 265, as follows:
 In the medical malpractice context, we have specifically determined that a lawsuit commenced more than three years from the date of the negligent act or omission complained of CT Page 12720 is barred by the statute of limitations, § 52-584, regardless of whether the plaintiff had not, or in the exercise of care, could not reasonably have discovered the nature of the injuries within that time period.
 IV. CONCLUSION[6]
The motions for summary judgment of each Defendant are granted. Judgment shall enter accordingly for each Defendant. No costs shall be awarded to or assessed against any party hereto.
David L. Fineberg Superior Court Judge