[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs[1] have brought a twelve count complaint against the defendants[2] alleging various causes of action stemming from the plaintiffs' purchase of real property. Briefly, the plaintiffs allege that the defendants were negligent in polluting the property prior to its transfer and fraudulently hid the environmental condition of the property during the sale. Before the court is the defendants' motion to strike the third, fourth, seventh, eight, ninth and twelfth counts of the plaintiffs' amended complaint.
In the third count of the complaint, the plaintiffs allege that the defendants fraudulently prevented the plaintiffs from inquiring as to the environmental condition of the property prior to the sale. Specifically, the plaintiffs argue that the defendants made representations and nondisclosures which forestalled a reasonable inquiry by the plaintiffs. The defendants move to strike this count on the ground that the cause of action is legally insufficient as there is no cause of action for the fraudulent prevention of inquiry.
A cause of action for the fraudulent prevention of inquiry is a recognized cause of action in Connecticut. Haddad v. Clark,132 Conn. 229, 233, 43 A.2d 221 (1945) ("a vendor of property may not do anything to conceal from the vendee a material fact affecting it, or say or do anything to divert or forestall an intended inquiry by him, or deliberately hide defects, for, in doing so, he is not merely remaining silent but is taking active steps to mislead"). The defendants' motion to strike the third count, accordingly, is denied.
The plaintiffs' fourth count sets forth a cause of action based on civil conspiracy. The defendants move to strike this count on the ground that the plaintiffs cannot successfully allege a conspiracy because the intracorporate conspiracy doctrine does CT Page 4181 not permit the plaintiffs to allege that two or more persons were involved in the conspiracy.
The intracorporate conspiracy doctrine states that there can be no conspiracy "if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers and employees, each acting within the scope of his employment. . . ." (Citations omitted.) Medgansis v. Bridgeport Roman Catholic DioceasanCorp. , Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335983 (April 17, 1997, Hartmere, J.) There are two exceptions to this rule. The first requires an allegation that an agent of the corporation has an independent personal stake in achieving the corporation's illegal objectives. Id. The second requires an allegation that the acts of the corporation's agents or employees were unauthorized. Id.
In the present case, the plaintiffs have alleged that a conspiracy existed between all four defendants. However, the defendants note that, as alleged, individual defendant Ernest Wiehl was a general partner of Pepper Products and an employee of Consumers Petroleum. The defendants also note that individual defendant Richard Wiehl is alleged to have been an employee of Pepper Partners and an officer of Consumer Petroleum. As such, the defendants argue that the individual defendants cannot conspire with the corporate defendants, and that, furthermore, the two corporate defendants cannot form a conspiracy because identical parties, each consisting of the other's agent, are involved.
A conspiracy cannot exist between two entities if those entities are, for all practical purposes, interchangeable. Thomasv. Rohner-Gehrig Co., 582 F. Sup. 669, 673 (N.D. Ill 1984) (conspiracy between two corporations "doubtful" where corporations had same officers). In considering whether corporations share a unity of purpose, the court may consider: 1) the legal relationship between the corporations; 2) the makeup of the board of directors of the subsidiary; 3) the corporate purposes of each of the corporations; and 4) the amount of autonomy exercised by the subsidiary. Leaco Enterprises, Inc. v.General Electric Co., 737 F. Sup. 605, 608 (D. Or. 1990). While the present case deals with a partnership and a corporation rather than a parent corporation and subsidiary, the critical factors involved in determining unity of interest are instructive. CT Page 4182
In the complaint it is alleged that the Wiehls are common parties to both the corporation and the partnership. Thus, it appears that there may be unity of interest barring a conspiracy. On a motion to strike, however, the court is bound to look only to the allegations of the complaint, and the allegations are to be construed in a manner most favorable to the plaintiff. The complaint alleges that a conspiracy existed between the Wiehls and Consumer Petroleum and Pepper Partners. The complaint alleges that the latter two are separate entities. Since the allegations are silent as to any of the other factors that the court needs to consider in deciding whether the intracorporate doctrine bars the conspiracy count, the allegations of the complaint must stand. The motion to strike the fourth count, accordingly, is denied.
Next, the defendants move to strike the seventh, eighth and ninth on the ground that these counts are barred by the applicable statute of limitations.
"A claim that an action is barred by. . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Girard v. Weiss, 43 Conn. App. 397, 415,682 A.2d 1078 (1996). However, "[i]f all of the facts pertinent to the statute of limitations are pleaded in the complaint and the parties agree that they are true, or if a statute creating the cause of action on which the plaintiff relies fixes the time within which the cause of action must be asserted, a motion to strike would be allowed." Id.
In the present case, the plaintiffs have alleged that they did not discover the alleged contamination until 1997 and that they relied on the defendants to their detriment in failing to do so. As such, there are allegations that the defendants' conduct tolled the statute of limitations. As such, all facts pertinent to the question of the statute of limitations are not set forth in the complaint and, therefore, a motion to strike may not be used to ascertain the statute of limitations question. The defendants' motion to strike the seventh, eighth and ninth counts is, accordingly denied.
Finally, the defendants move to strike the twelfth count of the complaint, the CUTPA count, on the ground that the plaintiffs have failed to allege and cannot prove that the defendants' actions were within the scope of "trade or commerce." CT Page 4183
Cases decided in Connecticut district court have held that where the actions of the defendants are incidental to its primary business, it cannot be liable under CUTPA. See Arawana Mills Co.v. United Technologies Corp. , 795 F. Sup. 1238, 1253 (D. Conn. 1992) (defendant's act of leasing property from the plaintiff is incidental to the conduct of its true business on the property; the repair and servicing of aircraft engines and thus CUTPA is inapplicable); Brandewiede v. Emery Worldwide, 890 F. Sup. 79, 81
(D. Conn. 1994) (defendant in business of overnight freight delivery, defendant's conduct of leasing the aircraft was incidental to its primary business). Several Superior Courts have also held that conduct incidental to a defendant's business cannot provide a CUTPA cause of action. See Barnes v. GeneralElectric Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 529354 (July 25, 1995, Henessey, J.) (disposal of hazardous waste incidental to primary trade or commerce). See also Feen v. Benefit Plan Administrators, Superior Court, judicial district of New Haven at New Haven, Docket No. 406726 (January 13, 1999, Devlin, J.); Abely Waste Oilv. Ravenswood Development, Superior Court, judicial district of New Haven at New Haven, Docket No. 369487 (September 15, 1995, Hartmere, J.)
In the present case, the plaintiffs have not alleged that the defendants were involved in trade or commerce relating to the sale of property and that the alleged unfair trade practice resulted from this trade or commerce. The plaintiffs cannot, therefore, state a CUTPA claim. Moreover, this court has previously held that a single act as the basis of a CUTPA claim is not sufficient to avoid a motion to strike. Northwest Mortgagev. Edwards, Judicial District of Ansonia/Milford at Milford, Docket No. 057496 (May 4, 1998, Curran, J.).
The motion to strike the twelfth count, accordingly, is granted.
In conclusion, the defendants' motion to strike the third, fourth, seventh, eighth and ninth counts is denied.
The motion to strike the twelfth count is granted.
The Court
Curran, J. CT Page 4184