[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff has filed a motion to strike the defendants' special defense alleging that it is an improper defense to a foreclosure action and fails to challenge the legal sufficiency of the plaintiff's cause of action.
The plaintiff, Yale New Haven Hospital, Inc., filed a complaint on February 7, 2000, against the defendants, Ike-Hong Choi (a.k.a. Ick-Hong Choi) and Keum-Ji Cho, claiming: (1) a foreclosure by sale of a judgment lien against defendants' premises at 8 Breakneck Court, Milford, Connecticut; (2) order of possession of the liened premises; (3) a deficiency judgment the defendants; (4) an order on the defendants for wage execution; (5) money damages; (6) attorney's fees; (7) such other relief as to equity may belong; and (8) additional relief as the plaintiff may be entitled to at the time of judgment.
The complaint alleges the following facts. On October 21, 1998, the plaintiff obtained a judgment for $7,927.33, plus the costs of suit, against the defendants. When the judgment went unsatisfied, the plaintiff filed a certificate of judgment lien with the town clerk of Milford. The plaintiff alleges that the defendants owe a principal sum of $6,902.23 plus post-judgment interest and the plaintiff seeks satisfaction of this amount through this lawsuit.
On August 25, 2000, the defendants filed an answer and a single special defense alleging that the defendants' homestead is exempt from foreclosure of the judgment lien. On August 30, 2000, the plaintiff filed a motion to strike the defendants' special defense. The plaintiff filed a memorandum in support of its motion to strike and the defendants filed a memorandum in opposition on September 15, 2000.
"The motion to strike . . . replaced the demurrer in our practice. Its CT Page 12780 function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see alsoConnecticut National Bank v. Voog, 233 Conn. 352, 354-55, 659 A.2d 172
(1995); Girard v. Weiss, 43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied, 239 Conn. 946 (1996). "In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992)
The defendants' special defense alleges that General Statutes §52-352b(t) exempts the defendants' homestead, up to $75,000, from the enforcement of the judgment lien through foreclosure. "In 1977, Connecticut decided to modernize its antiquated exemption statutes . . . [Sections] 52-352a, 52-352b, and 52-352c . . . enacted basic rules to determine what property of a debtor is unavailable to a creditor seeking to enforce a debt, including a judgment debt, by way of judicial process or court order." Sienkiewicz v. Sienkiewicz, 178 Conn. 675, 680,425 A.2d 116 (1979). The statute affords judgment debtors with the means to claim an exemption of property or earnings sought by e judgment creditor. General Statutes § 52-361b(d) provides in relevant part: "[A] judgment debtor . . . may claim an exemption as to property or earnings sought to be levied on . . . by return of a signed exemption claim form, indicating the property or earnings claimed to be exempt. . . ."
The defendants admit to the factual allegations of the complaint; however, their special defense does not challenge the sufficiency of the complaint. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . ." (Citation omitted, internal quotation marks omitted.) Danbury v. Dana InvestmentCorp., 249 Conn. 1, 17, ___ A.2d ___ (1999). "The traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien." Home American Credit, Inc. v.Weiss, Superior Court, judicial district of Hartford, Docket No. 591183 (March 16, 2000, Beach, J.)
The court grants the motion to strike the defendants' special defense because it is an improper defense to a foreclosure and fails to challenge the legal sufficiency of the plaintiff's cause of action. "The `homestead exemption,' or any other exemption contained in § 52-352b, dogs not attack the making, validity, or enforcement of the lien, nor does it in CT Page 12781 any other way show that the plaintiff has no cause of action. . . . Thus, the "homestead exemption' is unnecessary and legally insufficient when pleaded as a special defense." Pennie Edmonds v. Hill, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321668 (September 11, 199S, Tobin, J.)
The Motion to Strike is granted.
The Court
Curran, J.