[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION FOR SUMMARY JUDGMENT)
The defendants have moved for summary judgment against the plaintiff on the grounds that the plaintiff's claims are barred by § 52-577 of the general statutes in that the action was not commenced within the statutory time period.
Section 52-577 provides "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."
Our Appellate Court has held it is proper to file a motion for summary judgment prior to pleading the statute of limitations as a special defense. "If a defendant chooses to postpone raising a time limitation as a bar to the plaintiff's cause of action by way of a special defense, in favor of obtaining an earlier disposition by way of summary judgment, we see no reason why he should not be allowed to do so," Girard v. Weiss,43 Conn. App. 397 (1996). This motion is properly before the Court.
Summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connelly v. HousingAuthority, 213 Conn. 354, 364 (1990).
The Court finds there is no issue as to any material fact which would disprove that this action was not brought within the statutory time limitation. (This action commenced by writ, summons and complaint dated December 30, 1997 (sic) — returnable January 21, 1997. Service was made on January 3, 1997. CT Page 5784
In this case the plaintiff has alleged the defendant Charles Cohen and his attorney, beginning on or about July 1993 and at various times thereafter planned and conspired to conceal substantial assets from the plaintiff by preparing and submitting false financial affidavits to the Court in connection with a dissolution of marriage case in which Coles and Cohen were involved. (Reference Cohen v. Cohen, No. FA 91-397394 S, Judicial District of Hartford/New Britain at Hartford).
Charles Cohen commenced the dissolution action in June 1991. The trial commenced on or about July 27, 1993, at which time Cohen submitted his financial affidavit to the Court.
On September 15, 1993, which was the final day of testimony, Dr. Cohen disclosed certain assets which were omitted from his submitted financial affidavit, specifically bonds valued in excess of $70,000.
On October 15, 1993, the trial Court declared a mistrial of the case, because actions it felt constrained to take against counsel in the case could have given the perception of aggrievement toward the client.
On December 20, 1993 new counsel filed an appearance in lieu of Dr. Cohen's previous attorney.
On November 8, 1993, Mrs. Cohen, now the present plaintiff Coles, filed a motion to modify alimony, support and an allowance of counsel fees, alleging that she was forced to incur additional expenses as a result of Dr. Cohen's false testimony and false financial affidavit. The Court ordered Dr. Cohen to pay $10,000 in counsel fees and $4000 in appraisal fees within fourteen days of its order.
From these facts, the Court finds that Coles learned of the alleged fraudulent acts on September 15, 1993. There are no facts alleged of any further fraudulent acts thereafter by either of the present defendants. The three year statute of limitations for fraud begins to run when the plaintiff becomes aware of the fraud. Travelers Indemnity Co. V. Rubin, 209 Conn. 437, 443-44
(1988).
While the plaintiff does allege, in paragraph six of her revised complaint that "Beginning on or about October 15, 1993 and continuing thereafter . . . . the defendants . . . . created CT Page 5785 false and misleading financial statements to be used in the aforesaid divorce proceeding . . . . the only facts alleged are those related to the non-disclosure of the assets which led to the mistrial. There are no facts alleged as to any subsequent claimed fraudulent behavior or continuing conspiracy.
Accordingly, the motion for summary judgment is granted.
Klaczak, J.