[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Valerie Cunningham ("plaintiff"), alleged in her complaint that she was a pedestrian crossing the street when the vehicle owned and operated by the defendant, Abram Eisenstein ("defendant"), collided with her body causing her serious injuries.
In the first count of the complaint, the plaintiff alleged that the collision was caused by the defendant's "negligence and carelessness in his operation of his automobile." The plaintiff further alleged in the second count that the defendant "operated his motor vehicle with reckless disregard in violation of [General Statutes] § 14-222."
The defendant filed a revised answer and special defenses, alleging special defenses as to both the negligence count and the recklessness count. The defendant alleged a special defense sounding in comparative negligence in that "said injuries or damages were proximately caused by the plaintiff's own negligence. . . ."
The plaintiff moved to strike the second special defense directed to the second count of the plaintiff's complaint claiming that it was improper for the defendant to assert the defense of comparative negligence in response to the recklessness cause of action.
The motion to strike is used to test the legal sufficiency of any pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); Practice Book § 152, now Practice Book (1998 Rev.) § 10-39. "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978); see also Connecticut National Bank v. Voog,233 Conn. 352, 354-55, 659 A.2d 172 (1995); Girard v. Weiss,43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied, 239 Conn. 946, CT Page 11102686 A.2d 121 (1996); Practice Book § 152, now Practice Book (1998 Rev.) § 10-39.
"In . . . ruling on the motion to strike, the trial court recognized an obligation to take the facts to be those alleged in the special defense and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992).
Connecticut General Statutes § 52-572h(c) provides in pertinent part that "[i]n a negligence action to recover damages resulting from personal injury, . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the [damages]."
The plaintiff argued that the comparative negligence statute, § 52-572h, applies only in negligence actions and because the second count alleges recklessness, the comparative negligence statute cannot apply. Therefore, she moved to strike the defendant's second special defense.
The plaintiff cites lower court decisions which held that a special defense of comparative negligence is not applicable to non-negligence causes of action. However, the Supreme Court of this state recently addressed the issue and disagreed. Bhinder v.Sun Co., 246 Conn. 223, ___ A.2d ___ (1998).
The court held that "[b]y its own terms, the comparative negligence statute [§ 52-572h] applies only to causes of action based on negligence." (Alteration in original; internal quotation marks omitted.) Id., 231. "Upon review of the text and legislative history of § 52-572h, we are not persuaded that the legislature intended that the term negligence in § 52-572h
to include conduct other than negligence." Id., 234.
However, the court did not conclude its analysis there. Instead, it created a common law exception. The court determined that "[o]ur conclusion that the text of § 52-572h does not support the interpretation urged upon us by the defendant, however, does not end our inquiry. The defendant also argues that as a matter of common law, we should extend the policy of apportionment to permit a defendant in a negligence action to CT Page 11103 cite in as an apportionment defendant a party whose conduct is alleged to be reckless, wilful, and wanton. We agree." Id.
The court determined that strictly construing the language of the comparative negligence statute would yield a result contrary to the intent of the legislature. Id. "As an initial matter, our review of the statutory text and the pertinent legislative history does not evince an intent by the legislature to preclude the recognition of apportionment in a negligence action between negligent and intentional tortfeasors." Id., 235. "Furthermore, precluding the defendant from allocating fault is inconsistent with the principle of comparative negligence that a defendant should be liable only for that proportion of the damages for which he or she was responsible." Id. 238.
The Supreme Court, in Bhinder, also concluded that "negligence is [not] different in kind rather than degree from reckless, wilful and wanton conduct, and [can] be compared to these types of conduct." Id., 241. The court held that "juries are fully competent to asses fault between negligence and intentional tortfeasors." Id., 242.
Thus, the Supreme Court of Connecticut having addressed the issue in the present case and having created a common law exception to the rule that General Statutes § 52-572h only applies to negligence cases, the plaintiff's motion to strike the defendant's second special defense asserting comparative negligence is denied.
D'ANDREA, J.