[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#113)
 I. FACTS
On May 20, 1996, the plaintiffs, Melinda Hill and Mark Yuknat, filed a three-count complaint for breach of contract, violations of the New Home Warranties Act, and violations of the Connecticut Unfair Trade Practices Act (CUTPA), against the defendants, Bryan Schneider and William Schneider d/b/a Schneider Construction. The complaint arises out of a contract entered into between the parties on or about February 20, 1990, whereby the CT Page 4837 defendants agreed to construct a new single-family home for the plaintiffs.
According to the amended complaint, the plaintiffs allege that the Town of Old Lyme issued a certificate of occupancy for the newly constructed home on November 13, 1990. "Within one year of taking possession of the new home, the plaintiffs discovered defects in the construction." Amended Complaint, Second Count ¶ 8. The plaintiffs' third count alleges that the defendants violated CUTPA by their: "(a) installation and concealment of work performed in an unworkmanlike manner and in violation of building codes; (b) failure and refusal to complete work in accordance with the contract; and (c) breach of express and implied New Home Warranties." Amended Complaint, Third Count ¶ 7.
On November 8, 1996, the defendants filed an answer and special defense asserting that the plaintiffs' claims are barred by the statute of limitations. On January 7, 1999, the defendants filed a request for permission to file a motion for summary judgment as to the third count (CUTPA), as well as the motion for summary judgment. The plaintiffs filed a memorandum in opposition to the defendants' request and motion on January 20, 1999. The court heard oral argument at short calendar on February 8, 1999.
 II. DISCUSSION
The plaintiffs assert two procedural reasons in opposition to the defendants' request and motion. First, the plaintiffs argue that the court should not grant permission for the defendants to file their motion for summary judgment. The plaintiffs assert that the parties have proposed a trial date of March 29, 1999. Notwithstanding that March 29, 1999, has already passed as of the date of filing this memorandum of decision, this court takes judicial notice that the case has not yet been assigned a trial date. Accordingly, the court grants the defendants' request for leave to file their motion for summary judgment.
Second, the plaintiffs argue that because the defendants' motion essentially attacks the legal sufficiency of the third count, the court should construe the defendants' motion as a motion to strike. The plaintiffs argue that because an answer to the amended complaint has already been filed, the time has expired for which the defendants may file a motion to strike. See Practice Book § 10-6. Based on the foregoing, the plaintiffs ask this court to deny the motion. CT Page 4838
The plaintiff's reasoning and argument fails for two reasons. First, the defendants properly pleaded the statute of limitations as a special defense. It would not have been appropriate for the defendants to raise the statute of limitations by way of a motion to strike the CUTPA count. "A claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Girard v. Weiss,43 Conn. App. 397, 415, 682 A.2d 1078, cert. denied, 239 Conn. 946,686 A.2d 121 (1996); see also Practice Book § 10-50. Second, "Connecticut courts have permitted use of the motion for summary judgment to contest the legal sufficiency of the complaint, even though legal sufficiency is more appropriately tested by a motion to strike." Jewett v. General Dynamics Corp. , Superior Court, judicial district of New London, Docket No. 530943 (May 1, 1997, Booth, J.). A court may properly grant a defendant's motion for summary judgment "if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issues of fact." Perille v. Raybestos-Europe, Inc.,196 Conn. 529, 543, 494 A.2d 555 (1985).
Accordingly, the court finds that the defendants' motion for summary judgment is procedurally proper.
The defendants move for summary judgment only as to the plaintiffs' third count of the amended complaint, which asserts a violation of CUTPA. The ground for the defendants' motion is that the CUTPA claim is barred by the three-year statute of limitations as set forth in General Statutes § 42-110g (f) The defendants argue that the plaintiffs' cause of action accrued upon their discovery of the defendants' alleged defective performance, which, as the plaintiffs allege, was sometime before November 13, 1991. See Amended Complaint, Second Count ¶ 8. Thus, as the defendants argue, the latest possible date in which to bring a CUTPA claim would have been November 13, 1994. The plaintiffs, however, did not file their complaint until May 20, 1996, well beyond the three-year statute of limitations.
In opposition, the plaintiffs argue that the motion should be denied because there are genuine factual issues concerning whether the defendants engaged in a continuing course of conduct so as to toll the three-year limitation period. In support of their position, the plaintiffs submit Melinda Hill's affidavit, wherein she recounts chronologically the plaintiffs' dealings and correspondence with the defendants and their representatives CT Page 4839 between 1990 and 1994. According to the plaintiffs, the affidavit creates genuine issues of fact concerning (i) when a CUTPA violation actually occurred, and (ii) whether there was a continuing course of conduct by the defendants.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452, ___ A.2d ___ (1999). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci,238 Conn. 800, 806, 679 A.2d 945 (1996).
General Statutes § 42-110g (f) provides that an action for damages under CUTPA "may not be brought more than three years after the occurrence of a violation of this chapter." The Connecticut Supreme Court has held that the three-year period begins to run from the date of the actual violation rather than the date of discovery of the violation. See Fichera v. Mine HillCorp. , 207 Conn. 204, 212, 541 A.2d 472 (1988). Under proper circumstances the statute "may be tolled under . . . the continuing course of conduct doctrine, thereby allowing a plaintiff to commence his or her lawsuit at a later date."Blanchette v. Barrett, 229 Conn. 256, 265, 640 A.2d 74 (1994).
However, "in order [t]o support a finding of a `continuing course of conduct' that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such wrong. . . . Where [the Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the `act or omission' relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." (Internal quotation marks omitted.) Id., 275.
This court finds that the plaintiffs have not alleged nor argued in their opposition that a "special relationship" existed between themselves and the defendants other than that based on their original contractual relationship. "Such a contractual relationship, however, does not create a fiduciary obligation that might have imposed upon the defendants as the perpetrators CT Page 4840 of a fraud the continuing duty to disclose their prior lack of candor to the plaintiffs." Fichera v. Mine Hill Corp. , supra,207 Conn. 210.
The plaintiffs have, however, through the affidavit of Melinda Hill, submitted facts indicating possible wrongful conduct on the part of the defendants between March, 1993 and August, 1994. Specifically, the affidavit describes unfulfilled promises made by the defendants to repair and remedy the defects in the plaintiffs' home. If the court views these facts as possible CUTPA violations and a continuing course of conduct, then the statute of limitations would have been tolled until perhaps 1994. In such a case, the plaintiffs' present action would have been timely.
However, there are two hurdles that the plaintiffs must make. First, our Supreme Court has held that "the party trying to overcome a statute of limitations defense must, at least, allege actual reliance upon the repairs being made as the basis for not filing a lawsuit." Beckenstein v. Potter Carrier, Inc.,191 Conn. 150, 159, 464 A.2d 18 (1983). The plaintiffs have made no such allegation, nor does their affidavit make such a statement. Second, assuming arguendo that their affidavit does indicate a continuing course of conduct or further CUTPA violations, their amended complaint makes no mention of such conduct as part of their cause of action. "Affidavits are not pleadings . . . and a plaintiff cannot, under the guise of fortifying the complaint, present an entirely new cause of action or expand the scope of his cause of action by means of a counter-affidavit." (Internal quotation marks omitted.) Collum v. Chapin, 40 Conn. App. 449,453, 671 A.2d 1329 (1996).
This court finds that there is no "special relationship" between the parties so as to create a continuing duty on the part of the defendants. In addition, the plaintiffs have not alleged, nor shown, actual forbearance from filing this lawsuit in reliance upon the defendants' alleged promises to repair. The plaintiffs' affidavit, even if accepted as creating factual issues of the defendants' continuous course of conduct, cannot substitute for the allegations in the amended complaint.
Accordingly, there are no genuine issues of fact concerning the tolling of the statute of limitations. For the foregoing reasons, the plaintiffs' CUTPA claim is time-barred by § 42-110g
(f). CT Page 4841
 III. CONCLUSION
The court grants the defendants' request for leave to file their motion for summary judgment. The plaintiffs have failed to allege or submit evidence that: (i) there was a special relationship between the parties; (ii) the plaintiffs' actually relied on the defendants' promises in forbearance of bringing suit; or (iii) there was a continuing course of wrongful conduct which formed a part of their cause of action.
The court grants the defendants' motion for summary judgment as to the third count of the plaintiffs' amended complaint.
Mihalakos, J.