[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Brown Williamson Tobacco Corp., moves to strike counts two through five and count seven of the plaintiffs' revised complaint, which purports to set forth causes of action arising from the smoking of the defendant's cigarettes. The plaintiffs are Richard DuJack and the estate of Arlene DuJack.
The first count of the plaintiffs' revised complaint is entitled "Product Liability — Doctrine of Strict Liability" and sets forth allegations that Arlene DuJack smoked the defendant's product which caused her to develop lung cancer resulting in her death. The remaining counts all incorporate these allegations by reference. The second count is entitled "Damages — Wrongful Death;" the third count, "Damages — Bystander Emotional Distress;" the fourth count, "Damages — Punitive Damages — Estate of Arlene DuJack;" the fifth count, "Damages — Punitive Damages — Richard DuJack;" and the seventh count, "Loss of Consortium — Punitive Damages." These counts additionally contain specific allegations regarding either the particular injury sustained or relief sought.
The defendant argues that under G.S. § 52-572n(a), a product liability claim is the exclusive cause of action available to redress harm caused by a product. Therefore, the plaintiffs are barred from alleging causes of action for wrongful death and bystander emotional distress. Also, the separate punitive damages claims of counts four, five, and seven are barred because G.S. §52-240b limits punitive damages in product liability cases.
If the plaintiffs were alleging causes of action besides the product liability claim of the first count and the loss of consortium claim of the sixth count, the defendant's position would be correct, Winslow v. Lewis-Shepard, Inc., 212 Conn. 462,471 (1989). The plaintiff has contended at oral argument, and the CT Page 13291 court concurs, that counts two, three, four, five, and seven do not set forth causes of action independent from the product liability claim of the first counts. All of these counts are styled "damages" or "punitive damage" and contain allegations pertaining to the various injuries sustained and types of damages sought. In other words, the revised complaint, although in seven counts, only sets forth two causes of action, viz product liability and loss of consortium.
This method of pleading is, of course, highly improper. Practice Book § 10-26 states that separate counts are to be used "[w]here separate and distinct causes of action, as distinguishedfrom separate and distinct claims for relief founded on the same cause of action," (emphasis added) are alleged. This pleading impropriety has caused confusion for the parties and the court. In particular, the defendant may have been misled by the faulty pleading into regarding the counts under attack as attempting to join several and distinct causes of action.
Consequently, in the interest of fairness, clarity, and judicial economy, the court is treating this motion to strike as a request to revise, see Girard v. Weiss, 43 Conn. App. 397, 417
(1996). The court orders the plaintiffs to recast the complaint into three counts; one count setting forth the product liability claim, including injuries sustained, as to the estate of Arlene DuJack; one count setting for the product liability claim as to Richard DuJack; and one count as to loss of consortium. The types of relief sought should only appear in the prayer for relief.
Sferrazza, J.