[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On March 18, 1996, Russell E. Klein, mortgaged the premises known as 156 Lake Drive South, New Fairfield, Connecticut to Olympia Mortgage Corporation, to secure the payment of a note for $600,000. The mortgage was duly recorded on the New Fairfield land records on March 23, 1996. Contemporaneously, with the CT Page 4058 execution of those documents, Olympia assigned the note and mortgage to Greenpoint[1] Mortgage Corporation. The "note and mortgage are now owned by the plaintiff. . . ." (Plaintiff's amended complaint.)
The defendant owes the unpaid balance of $598,655.77 plus interest from July 1, 1996, late charges and collection costs. The note and mortgage are in default. The plaintiff has exercised its option of declaring the entire unpaid balance of the note and mortgage due and payable. By way of a pleading dated February 4, 1997, the plaintiff has filed a counterclaim against the defendant seeking foreclosure. He filed an amended answer and disclosure of special defenses on May 20, 1999.[2] On October 8, 1999, pursuant to Practice Book § 10-39 et seq., Green Point filed a motion to strike the defendant's special defenses, numbers two through eight, on the ground that they are insufficient as a matter of law.
A plaintiff may move to strike a special defense. See Girard v.Weiss, 43 Conn. App. 397, 417, cert. denied, 239 Conn. 946,686 A.2d 121 (1996); Practice Book § 10-39(a)(5). "In . . . ruling on the . . . motion to strike, the trial court recognize[s] its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536 (1992).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v.Napert-Boyer Partnership, 40 Conn. App. 434, 445 (1996). "In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . [O]ther defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage CT Page 4059 and/or note." (Citations omitted; internal quotation marks omitted.) Norwest Mortgage v. Edwards, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 057496 (May 4, 1998, Curran, J.T.R.) (22 Conn. L.Rptr. 123, 124); Home Savingsof America v. Hier, Superior Court, judicial district of Danbury, Docket No. 330825 (November 2, 1998, Moraghan, J.). "The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action . . . Further, based on the same rationale, the defenses . . . cannot attack some act orprocedure of the lienholder." (Emphasis added; internal quotation marks omitted.) GMAC Mortgage Corp. v. Nieves, Superior Court, judicial district of Stamford-Norwalk, Docket No. 164925 (January 29, 1999, Tobin, J.).
Green Point argues that because it is a holder in due course, it took the note and mortgage free from all defenses raised by the defendant. "A holder in due course must prove his taking of the instrument for value, in good faith, and without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." (Internal quotation marks omitted.); SKW Real Estate Ltd. Partnership v. Gallicchio,49 Conn. App. 563, 569, cert denied, 247 Conn. 926 (1998); see also § 42a-3-305(3)(b) of the General Statutes. Alternatively, it argues that even if the court should address the defendant's defenses, the defenses are legally insufficient. It continues by asserting that the special defenses do not attack the making, validity or enforcement of the note or mortgage and do not arise from the transaction that is the subject of the suit. The plaintiff also argues that Connecticut is a fact pleading state and the defendant offers no factual support but rather engages in speculation.
Klein alleges in his special defenses that he does not entirely own the property in question because the property is owned, at least in part, by Connecticut Light Power Company (CLP). The defendant alleges in the second special defense that the mortgage was a result of a "mistake" as to who "owned" the property. The defendant's second defense attacks the making and validity of the mortgage and therefore, survives the plaintiffs motion to strike. See GMAC Mortgage Corp. v. Nieves, supra, Superior Court, Docket No. 164925.[3]
CT Page 4060
The third defense is that the plaintiff committed fraud by attempting to foreclose on property that the defendant does not own. The plaintiff argues that the defendant has failed to allege sufficient facts to set forth a claim of fraud and adds that if there was fraud with regard to the mortgage, it was on the part of the defendant for representing that he owned the property in order to obtain a loan for $600,000. Fraud is a defense that must be specially pleaded pursuant to Practice Book § 10-50. The defendant's allegations are not limited to the making, validity and enforcement of the note and mortgage. Therefore, the defendant's third special defense is stricken. See Id.
The defendant's fourth defense is equitable estoppel. He alleges that the property is not encumbered by the plaintiffs mortgage and, therefore, the plaintiff should be estopped. Estoppel does not apply because there was no inducement on the plaintiffs part and the defendant does not allege that he changed his position in reliance on plaintiffs promise, causing the defendant to incur an injury. See Connecticut National Bank v.Voog, 233 Conn. 352, 366 (1995). Therefore, the defendant's fourth special defense does not survive the plaintiffs motion to strike.
In the defendant's fifth defense the defendant alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA). The defendant argues that the plaintiff is trying to clear title with CLP without informing the defendant. "CUTPA is a valid defense in a foreclosure action. . . . However, the alleged CUTPA violation must still go to the making, validity or enforcement of the note or mortgage." (Citations omitted.) 345 Benham Avenue,Inc. v. Madison Square Associates. L.P., Superior Court, judicial district of New Haven at New Haven, Docket No. 385225 (December 2, 1996, Celotto, J.T.R.). The defendant does not allege any facts that go to the making, validity or enforcement of the note or mortgage. Additionally, the defendant has pleaded insufficient facts to satisfy this court that a valid CUTPA claim exists and therefore, the motion to strike the defendant's fifth special defense is granted.
The defendant alleges, again, in his sixth defense that the plaintiff is conducting "secret negotiations" in violation of the truth in lending laws. The defendant does, however, acknowledge that he "is not sure." Equitable defenses are proper only when they, like their common law counterparts, attack the note itself; rather than some act or procedure by the mortgagor. . . . Courts CT Page 4061 have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage." (Internal quotation marks omitted.) SourceOne v. Dziurzynski, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.) (17 Conn. L.Rptr. 29, 30); see also Citizens MortgageCorp. v. Perez, Superior Court, judicial district of Danbury, Docket No. 319220 (November 2, 1995, Stodolink, J.) (granting bank's motion to strike defenses that attacked actions of lender allegedly perpetrated after execution of note and mortgage). The defendant's sixth defense is not limited to the making, validity or enforcement of the note or mortgage and merely attacks the actions of the lender. See Source One v. Dziurzynski, supra, Superior Court, Docket No. 145337. Therefore, the defendant's sixth special defense is stricken.
In the defendant's seventh defense, he alleges breach of implied covenant of good faith and fair dealing. The defendant repeats his allegation that the plaintiff is engaged in "secret negotiations" with CLP. The defendant also alleges that the plaintiffs "actions" when the property was first mortgaged may have violated the covenant of good faith and fair dealing, but again acknowledges that he is not sure and further discovery is required. "[E]very contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." (Emphasis omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 200, 663 A.2d 1001 (1995). "[T]he covenant of good faith and fair dealing has been recognized as a special defense in foreclosure actions." (Internal quotation marks omitted.)Greenpoint Mortgage Corp. v. Ruisi, Superior Court, judicial district of Danbury, Docket No. 333106 (June 1, 1999, Moraghan,J.). The defendant's allegation that the plaintiff is engaged in "secret negotiations" does not go to the making, validity or enforcement of the note or mortgage. Additionally, the defendant's allegation that the plaintiffs actions may have violated the covenant of good faith and fair dealing does not comply with Practice Book § 10-1 which requires that "[e]ach pleading shall contain a plain and concise statement of the material facts. . . ." Practice Book § 10-1. Therefore, the defendant's seventh special defense is stricken.
In the defendant's eighth defense the defendant alleges that in exercising its option to foreclose, the plaintiff has "unclean CT Page 4062 hands." The defendant alleges further that the "plaintiffs actions demonstrate an intentional regard and knowledge of the alleged title problem and an attempt to obtain more than the plaintiff is entitled to." (Defendant's answer and special defenses.) "The defense of unclean hands to a mortgage foreclosure has generally been disallowed in this state. . . . Some courts have allowed it, but only when the allegations relate to the making, enforcement or validity of the note." (Citation omitted; internal quotation marks omitted.) Rinere v. M. KalfusBuilding Design, Superior Court, judicial district of New Haven at New Haven, Docket No. 388833 (January 30, 1997, Celotto, S.T.R.). "[T]o successfully assert the doctrine of unclean hands as an affirmative defense to foreclosure, the mortgagor must allege inequitable conduct occurred during the actual transaction, meaning prior to the default by the mortgagor." (Internal quotation marks omitted.) Nationsbanc v. Howell,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164649 (December 16, 1998, Rodriquez, J.). In the present case, the defendant fails to allege that the plaintiffs conduct occurred prior to the defendant's default. Therefore, this court finds that the defendant's eighth special defense must be stricken.
Therefore, this court grants Green Point's motion to strike the third, fourth, fifth, sixth, seventh and eighth special defenses. The second special defense survives the motion to strike and remains viable.
Moraghan, J.