[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The present foreclosure action arises from a complaint filed by the plaintiff, Superior West, against the defendants Susan Vaccarelli, Peter Vaccarelli, First Union National Bank and American Bank of Connecticut. The plaintiff is a corporation organized and existing under the laws of Virginia.
Joining issue, the defendants Peter Vaccarelli and Susan Vaccarelli filed an answer and special defenses. In their first special defense they allege that the plaintiff is barred from bringing this action because it is an unregistered foreign corporation transacting business in the state in violation of General Statutes § 33-920. In their second special defense they claim that the plaintiff lacks standing to bring its claims because it has not recorded any document showing that it has lawfully obtained an interest in the note and mortgage in question.
In response, the plaintiff filed the present motion to strike the special defenses.
"[A] plaintiff can [move to strike] a special defense . . ." Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see also ConnecticutNational Bank v. Voog, 233 Conn. 352, 254-55, 658 A.2d 172 (1995); Girardv. Weiss, 43 Conn. App. 397, 417, 632 A.2d 107, cert. denied, 239 Conn. 946
(1996). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1,17, 730 A.2d 1128 (1999); see also Practice Book § 10-50.
The plaintiff argues that the first special defense is legally CT Page 7750 insufficient because General Statutes § 33-920(b)(1) allows a foreign corporation to maintain, defend or settle any proceeding. The defendants argue that the plaintiff implicitly admits that it has failed to obtain a certificate of authority to transact business in Connecticut so the question becomes whether it has transacted business in violation of the statute. The defendants argue that if the plaintiff is transacting business in Connecticut, then General Statutes § 33-921 provides a complete defense.
The defendants' claim is without merit. The plaintiff was under no obligation to obtain a certificate of authority from the secretary of state to transact business with regard to this transaction. General Statutes § 33-920 (b) provides in pertinent part, that "[t]he following activities, among others, do not constitute transacting business within subsection (a) of this section: . . . (7) creating or acquiring indebtedness, mortgages and security interests in real or personal property; (8) securing or collecting debts or enforcing mortgages and security interests in property securing the debts . . . Consequently, the defendants cannot properly assert a special defense claiming that the plaintiff needed the authority of the secretary of state to secure or collect debts or enforce mortgages and security interests in property securing the debts. See Federal National MortgageAssn. v. Jessup, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 169417 (August 3, 1999, Hickey, J.) Accordingly, the plaintiff's motion to strike the first special defense is granted.
The plaintiff argues that the second special defense is insufficient because it has pleaded sufficient facts to establish ownership of the debt. The plaintiff argues that it has alleged in paragraph four of the complaint that it is the assignee of the note and mortgage and therefore has standing to bring an action to enforce same. The defendants argue that the plaintiff lacks standing to pursue the present action because it has not recorded any document showing that it has lawfully obtained an interest in the note and mortgage at issue.
"[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." Stamford Hospital v.Vega, 236 Conn. 646, 656, 674 A.2d 821. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case . . ." Community Collaborative ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997). "To make out its prima facie case, [the plaintiff has] to prove by a preponderance of the evidence that it was the owner of the note and mortgage and that [the defendant has] defaulted on the note." Webster Bankv. Flanagan, 51 Conn. App. 733, 750-51, 725 A.2d 975 (1999). CT Page 7751
"When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 56,459 A.2d 503 (1983).
This court has already considered the special defense of lack of ownership of the note and mortgage in foreclosure actions. See PNC Bank v.Slodowitz, Superior Court, judicial district of Waterbury, Docket No. 137057 (July 19, 1999, West, J.). In that case, the defendant attached two exhibits showing that the note and mortgage once belonged to the plaintiff but had since been assigned, sold or transferred. See id. The plaintiff, however, alleged that it was the owner and holder of the note and mortgage. Id. The court ordered a hearing on standing prior to ruling on the plaintiff's motion to strike the special defense. Id.
In the present case, the plaintiff has only alleged in paragraph four of the complaint that it is the owner and holder of the note and mortgage by virtue of an assignment from BankBoston, National Association. The plaintiff has not attached any record demonstrating the validity of the alleged assignment. Therefore, the court will hold a hearing to determine the current holder of the note and mortgage, prior to ruling on the plaintiff's motion to strike the second special defense. See StandardTallow Corp. v. Jowdy, supra, 190 Conn. 750-51; PNC Bank v. Slodowitz, supra.
Accordingly, plaintiff's motion to strike the first special defense is granted and the court reserves decision on the second special defense pending a hearing to determine the current holder of the note and mortgage. Said hearing will be held in Courtroom #5, 300 Grand Street, Waterbury J.D., Monday, July 17, 2000, at 2:00 p.m.
THOMAS G. WEST, J. CT Page 7752