[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #108
The plaintiff, Citimortgage, Inc., filed a complaint on April 24, 2000, against the defendants, Edward DePhillips and Milford Livingston, LLC, claiming: (1) a foreclosure of mortgage; (2) immediate possession of the mortgaged premises at 9 Beechwood Avenue, Milford, Connecticut; (3) a deficiency judgment against the defendants; (4) the appointment of a receiver to collect rents and profits accruing from the premises; (5) attorney's fees and costs; (7) such other relief and further equitable relief as may be required.
The complaint alleges the following facts. On June 26, 1997, DePhillips owed Pinnfund, USA a total of $83,300 plus interest, payable in equal monthly installments of principal and interest. On the same date, DePhillips mortgaged to Pinnfund, USA the premises known as 9 Beechwood Avenue, Milford, Connecticut. On March 26, 1998, Pinnfund, USA assigned the note and mortgage to First Union National Bank. The note and mortgage, totaling $82,134.60 plus interest, late charges and collection costs, are now owned by the plaintiffs. The defendants have not made a payment since October, 1999, and the note and mortgage are now in default. The plaintiff exercised its option to declare the entire balance of the note due and payable.
On September 11, 2000, the defendants filed an amended answer and four special defenses. On September 21, 2000, the plaintiff filed a motion to strike the defendants' special defenses with supporting memorandum of law. The defendants did not file a memorandum in opposition to the motion to strike.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "[A] plaintiff can [move to strike] a special defense." Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see also ConnecticutNational Bank v. Voog, 233 Conn. 352, 354-55, 659 A.2d 172 (1995); Girardv. Weiss, 43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied,239 Conn. 946 (1996)
In its answer, the plaintiff asserts four special defenses, each defense stated in a single sentence. The defendants' first special defense alleges that the plaintiff should be estopped from enforcing a CT Page 583 collection because it has unclean hands. The defendants' second special defense alleges that the plaintiff is precluded from recovery by the doctrine of promissory estoppel. The defendants' third special defense alleges that the plaintiff is precluded from recovery in that it committed a fraud upon the defendant and is guilty of misrepresentation. The defendants' fourth special defense alleges that the plaintiff is precluded from recovery in that it breached an implied covenant of good faith and fair dealing.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . ." (Citation omitted; internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1,17, 730 A.2d 1128 (1999). "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). The court grants the motion to strike the defendants' special defenses because they allege conclusions of law without supporting facts.
The Court
By Curran, J.