[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #125
This action arises out of a motor vehicle accident. In the second amended complaint, the plaintiffs, Bradley Donaldson and Karen Donaldson, allege the following facts. On November 2, 1997, the plaintiffs were passengers in a van owned and operated by the defendant TransAlliance, Inc. The defendant Willis Condry, was driving the van as TransAlliance's servant, agent and employee. The van collided with a guardrail resulting in injuries to the plaintiffs.
The plaintiffs commenced this action on July 7, 1999, when the writ, summons and complaint were served on the defendants. In the initial two count complaint, the plaintiffs asserted claims against both defendants for negligence and asked the court to award money damages. On April 11, 2000, the plaintiffs filed a request for leave to amend the complaint and their second amended complaint in which, for the first time, they assert claims against both defendants for recklessness,[1] a prayer for double or treble damages pursuant to General Statutes § 14-295 and punitive damages.[2] The defendants filed a motion to strike the plaintiffs' recklessness claims and their corresponding prayers for relief on the grounds that these claims are barred by the two year statute of limitations in General Statutes § 52-584 and do not contain adequate factual allegations of recklessness. The plaintiffs filed an objection to the motion to strike in which they assert that their causes of action for recklessness are adequately pleaded and are not time barred.
"The purpose of the motion to strike is to contest . . . the legal insufficiency of the allegations of any complaints . . . to state a claim CT Page 3132-en upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26,676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
"`[A] claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike.' Girard v. Weiss, 43 Conn. App. 397, 415, 682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996). However, "[i]f all of the facts pertinent to the statute of limitations are pleaded in the complaint and the parties agree that they are true. a motion to strike would be allowed." Id. In this case, all of the facts pertinent to statute of limitations are pleaded in the second amended complaint, the parties do not dispute the truthfulness thereof, and the parties do not contend that the issue cannot be decided in the context of the defendants' motion. Therefore, the court can address the issue of limitations.
In counts two and four of the second amended complaint, the plaintiffs incorporate the allegations contained in their negligence claims and assert that Condry's conduct in operating the van was reckless and that he was driving with reckless and wanton disregard for the safety of the plaintiffs. Pursuant the General Statutes § 52-584, "[n]o action to recover damage for injury to the person . . . caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered. . . ." The parties agree that the plaintiffs were injured on November 2, 1997, that their initial complaint was timely commenced[3] and that the plaintiffs first asserted their claims for recklessness in their second amended complaint, which was filed in April, 2000.[4] In response to the defendants' argument that the recklessness claims are barred by limitations, the plaintiffs assert that these claims relate back to the date of the original complaint and thus are not time barred.
According to the Connecticut Supreme Court, "our relation back doctrine is akin to rule 15(c) of the Federal Rules of Civil Procedure, which provides in pertinent part: . . . "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or CT Page 3132-eo occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.' Giglio v. Connecticut Light Power Co. [180 Conn. 230,239-40, 429 A.2d 486 (1980)]. . . . The policy behind rule 15(c) is that a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford." (Citation omitted.) Gurliacci v.Mayer, 218 Conn. 531, 547, 590 A.2d 914 (1991). In Gurliacci v. Mayer,
the issue before the court was similar to the issue presented here. In that case, as here, the plaintiff initially asserted a cause of action for negligence, and "the plaintiff's amendment reiterated the negligence claim based on [the defendant's] operation of a motor vehicle, but added that [the defendant] was acting either wilfully, wantonly, and maliciously. . . ." Id., 549. The court noted that "[t]he new allegations did not inject two different sets of circumstances and depend on different facts . . . but rather amplified and expanded upon the previous allegations by setting forth alternate theories of liability. . . . [The defendant] had adequate notice that a claim was being asserted against him arising out of the alleged motor vehicle accident." (Citations omitted; internal quotation marks omitted.) Id. The court held that the amended complaint related back to the initial complaint and thus was not barred by the statute of limitations. Id. 546.[5]
In this case, the plaintiffs' recklessness claims are premised on the same circumstances as the claims set forth in their initial complaint. In the new claims, the plaintiffs expand on their negligence claims and set forth the alternative theory that the defendants' conduct was reckless. Therefore, pursuant to Gurliacci v. Mayer, the plaintiffs' recklessness claims relate back to the filing of the initial complaint and therefore are not barred by limitations. Therefore, the court denies the defendants' motion to strike these claims on the basis of limitations.
The defendants also contend that the plaintiffs' recklessness claims should be stricken because the plaintiffs fail to include adequate factual allegations of recklessness under General Statutes § 14-295. The plaintiffs respond that their general allegations comply with the requirements of the statute. Section 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219 . . . and that such violation was a substantial factor in causing such injury, death or damage to property." At a minimum, in order to state a legally sufficient cause of action for CT Page 3132-ep recklessness under § 14-295, a plaintiff must allege that the defendant deliberately or recklessly operated a motor vehicle in violation of one of the enumerated statutes and that the violation was a substantial factor in causing the plaintiff's injuries. Ditillo v. VanGeerdele, Superior Court, judicial district of Waterbury, Docket No. 149690 (August 3, 1999, Gill, J.). The plaintiffs here have done so. Specifically, in counts one and three, the plaintiffs allege that the collision was caused by the negligence and carelessness of Condry in that he, inter alia, operated his motor vehicle in violation of § 14-218a
and 14-219. In counts two and four, they incorporate the allegations of counts one and three respectively and add that Condry, in operating the vehicle as previously alleged, did so recklessly, with reckless and wanton disregard for the safety of the plaintiffs and with reckless disregard of the previously alleged statutes. The plaintiffs further allege that the defendants' statutory violations were significant factors in causing the plaintiffs' injuries.
The defendants contend, however, that the plaintiffs must also specify the conduct they are relying on to support their causes of action for recklessness and must demonstrate that the defendant did more than act negligently. The Connecticut Supreme and Appellate courts have not "addressed the issue of whether a plaintiff must plead facts supporting a claim of reckless conduct in addition to pleading one of the specific violations to which General Statutes § 14-295 refers. A split of authority exists among the judges of the Superior Court regarding the pleading requirements of § 14-295." Walters v. Tanner, Superior Court, judicial district of New London at New London, Docket No. 549835 (November 15, 1999, Martin, J.).
In one line of cases, the court interprets § 14-295 to require that a plaintiff must, in addition to pleading a statutory violation of §14-295, also plead specific facts to support a common law cause of action for recklessness. See e.g., Chatterton v. Infinity Ins. Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 64615 (October 1, 1999, Arnold, J.) and cases cited therein. In these cases, the court generally reasons that a plaintiff who is alleging recklessness "must use explicit language that informs both the court and the defendant what conduct is relied upon." Fisher v. Irby, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309622 (February 1, 1994, Ballen, J.). In the second line of cases, the court, employing the principles of statutory construction, reads the language of § 14-295
literally and only requires that a plaintiff allege that the defendant violated one of the enumerated statutes deliberately or with reckless disregard, and that the violation was a substantial factor in causing the CT Page 3132-eq plaintiff's injuries. See e.g. Walters v. Tanner, supra, Superior Court, Docket No. 549835 and cases cited therein.
This court finds that the reasoning of the second line of cases is more persuasive. Because § 14-295 only requires that the plaintiffs plead recklessness and causation in order to assert a claim for a statutory relief, the defendants' motion to strike to the plaintiffs' recklessness claims on the basis of inadequacy is denied.
RUSH, J.