[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 20, 2000, the plaintiffs commenced this medical malpractice action against the defendants, David Bindelglass, MD., Orthopedic Specialty Group, P.C., and Bridgeport Hospital. Previously, on October 4, 2000, the plaintiffs had filed a petition for a ninety-day extension of the statute of limitations pursuant to General Statutes § 52-190a (b) which the clerk of the court granted on October 5, 2000. On February 15, 2001, the plaintiffs filed a six count amended complaint alleging, inter alia, that the minor plaintiff Shawn Blake was injured on October 31, 1998, as a result of the defendants' negligence in the care and treatment of his fractured left femur. The defendants now move to strike counts one, three, four and six of the plaintiffs' amended complaint on the ground that these claims are barred by the applicable statute of limitations.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted" (Internal quotation marks omitted) PeterMichael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558
(1999). In ruling on a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103,117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a . . . motion CT Page 9602 to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834
(2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id.
Generally, "[a] claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. . . . If [however] all of the facts pertinent to the statute of limitations are pleaded in the complaint and the parties agree that they are true, or if a statute creating the cause of action on which the plaintiff relies fixes the time within which the cause of action must be asserted, a motion to strike would be allowed." (Citation omitted; internal quotation marks omitted.) Girard v. Weiss, 43 Conn. App. 397,415, 682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996). In the present case, the parties agree on all the dates relevant to the statute of limitations and, therefore, the court will address the defendants' motion to strike.
The defendants argue that counts one, three, four and six of the plaintiffs' amended complaint must be stricken because the plaintiffs brought these claims beyond the statute of limitations period for medical malpractice actions set forth in General Statutes § 52-584.[2] The defendants further argue that the plaintiffs' petition to extend the statute of limitations pursuant to General Statutes § 52-190a(b)[3]
was legally insufficient as applied to them because the defendants were not specifically mentioned in the petition.[4] In response, the plaintiffs contend that their claims are timely because they filed a legally sufficient petition for an extension of the statute of limitations and they commenced this action within the tolling period.
The parties do not dispute that the present action was commenced beyond the applicable statute of limitations period set forth in General Statutes § 52-584. Therefore, the only issue before the court is whether a petition to extend the statute of limitations filed pursuant to General Statutes § 52-190a (b) applies only to those defendants specifically named in that petition.
This issue has not been addressed by the appellate courts. The plaintiffs correctly point out that the court in Perfetto v. Daoud, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 367421 (February 24, 1993, Wagner, J.), determined that an extension pursuant to General Statutes § 52-190a (b) applies only to those defendants specifically named in that petition.[5] This court, however, finds more persuasive the reasoning of the majority of CT Page 9603 superior court cases holding that the petition applies to the cause of action and not merely to the defendants named in the petition. See, e.g., Brittain v. Hospital of Saint Raphael, Superior Court, judicial district of New Haven, Docket No. 413933 (April 26, 2001, Devlin, J.) (29 Conn.L.Rptr. 380); Lucid v. Arthritis Center of Connecticut, P.C., Superior Court, judicial district of Waterbury, Docket No. 153804 (October 10, 2000, Wiese, J.) (28 Conn.L.Rptr. 404); Falzone v. Hoos, Superior Court, judicial district of New Haven, Docket No. 368957 (March 27, 1998, Devlin, J.) (21 Conn.L.Rptr. 585); Hagbourne v. Campbell, Superior Court, judicial district of Waterbury, docket No. 132593 (January 6, 1998, Kulawiz, J.); Burton v. West Hartford Obstetrics Gynecology, P.C., Superior Court, judicial district of Hartford-New Britain at Hartford, docket No. 392280 (August 1, 1994, Corradino, J.) (12 Conn.L.Rptr. 268).
In the present case, the plaintiffs timely filed their petition for a ninety-day extension of the statute of limitations and they commenced this action within the ninety-day tolling period. Therefore, the court finds that the plaintiffs timely brought their claims against the defendants. Accordingly, the defendants' motion to strike counts one, three, four and six of the plaintiffs' amended complaint is denied.
THIM, J.