[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE PLAINTIFF'S COMPLAINT
FACTS
The plaintiff, Cocchiola Paving, Inc., filed a five-count complaint against the defendant, Peterbilt of Southern Connecticut, doing business as Truck Center, Inc., to recover financial losses it incurred as the result of the defendant's failure to repair the allegedly defective trucks it sold to the plaintiff. The complaint alleges breach of express warranty in violation of General Statutes § 42a-2-714 and 42a-2-719
(counts one and two); innocent and negligent misrepresentation (counts three and four) and unfair trade practices in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110b et seq. (count five)
The plaintiff alleges the following:
In June of 2000, the plaintiff entered into a contract with the defendants for the purchase of six custom-made Peterbilt trucks. (Complaint, ¶ 5.) The plaintiff informed the defendant of its requirements and desired specifications for the trucks, and the defendant assured the plaintiff that the trucks would be suitable. (Complaint, ¶¶ 6, 7.) A written warranty agreement provided that the trucks would be free of defects in material and workmanship for a period of 60 months or 500,000 miles. (Complaint, ¶ 8.) Following delivery and acceptance, the plaintiff found that the trucks were defective and not in conformity with the plaintiff's stated requirements and specifications. (Complaint, ¶ 10.) The plaintiff demanded that the defendant repair the trucks and the defendant stated that it would do so, but did not do so. (Complaint, ¶¶ 11-13.) On the basis of these allegations, the plaintiff claims, in counts one and two, that the defendant is liable to it for breach of express warranty and breach of express warranties of merchantability and fitness for the plaintiff's particular purpose. (Complaint, counts one and two.). CT Page 2976
In count three (innocent misrepresentation), the plaintiff further alleges that the defendant did not take steps to ensure that its statements that the trucks would be suitable were true (Complaint, count three, ¶ 15); and that the defendant had the means of knowing or ought to have known that the statements were not true. (Complaint, count three, ¶ 16.) In count four (negligent misrepresentation), the plaintiff alleges that the defendant's statements were made negligently, that the defendant failed to exercise reasonable care and that the plaintiff justifiably relied on the defendant's statements to its financial detriment. (Complaint, count four, ¶ 16.) In count five (CUTPA), the plaintiff alleges that the trucks were prototypes that were not appropriately designed and tested by the manufacturer (Complaint, count five, ¶ 16); and that the defendant deliberately concealed these material facts from the plaintiff. (Complaint, count five, ¶ 17.) As to all counts, the plaintiff is claiming money damages. As to the fifth count, the plaintiff is claiming punitive damages and attorneys fees.
The defendant moves to strike all five counts of the complaint on the ground that the claims are time barred by General Statutes § 42a-2-725. The defendant moves to strike counts one and two of the complaint on the alternative ground that the claims are barred by the express terms of the agreement between the parties, count two of the complaint on the alternative ground that the plaintiff has failed to state a cause of action and counts three, four and five of the complaint on the alternative ground that claims for innocent misrepresentation, negligent misrepresentation and unfair trade practices in violation of CUTPA are improper in the context of an action governed by the Uniform Commercial Code.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 553 (1998). "The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded . . . The role of the trial court [is] to examine the [complaint], construed in favor of the [plaintiff] to determine whether the [pleading party has] stated a legally sufficient cause of action." (Citation omitted; internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's CT Page 2977 motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505
(2001).
 I. STATUTE OF LIMITATIONS
The defendant first moves to strike the plaintiff's complaint in its entirety on the ground that the claims are time-barred. Generally, "[a] claim that an action is barred by the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." (Internal quotation marks omitted.) Girard v. Weiss, 43 Conn. App. 397, 415,682 A.2d 1078 (1996). "Some courts have relaxed the rule to allow the court to anticipate the statute of limitations defense from the state of the pleadings, so that it may be raised and ruled on through a Motion to Strike." Stone v. Pullman, Comley, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 93 0301727 (December 10, 1993, Pittman, J.). In the present case, both parties have addressed the merits of the motion to strike and neither has raised any arguments related to the untimeliness of the statute of limitations defense. It is therefore appropriate in this instance to consider and rule on the motion on this ground.
The defendant argues that the claims are barred because, pursuant to § 42a-2-725,[1] the warranty agreement provided that the plaintiff would have one year from the accrual of a cause of action arising from the purchase or use of the vehicles to commence legal action. The defendant contends that the one year limitation began to run upon the June 30, 2000 delivery, and that the plaintiff's complaint, filed November 21, 2001, is therefore untimely.
In count one, the plaintiff alleges that the defendant is liable for breach of express warranty because it delivered defective trucks andbecause "to date defendant has failed and/or refused to fix the truckspursuant to plaintiff's demand." (Complaint, ¶¶ 10, 13.) In count two, the plaintiff incorporates the allegations in count one, and also alleges that the defendant's limited warranty has failed of its essential purpose. The warranty agreement provides that the plaintiff's sole remedy is limited to repair or replacement of defective materials or workmanship. (See Warranty Agreement, Exhibit B, attached to Complaint.) Although the agreement states that the plaintiff has only one year from the accrual of the cause of action to commence legal action, the fact that the defendant has allegedly failed and/or refused to fix the trucks constitutes a continuing violation. Counts one and two are thus not barred by the statute of limitations. CT Page 2978
The ability of parties to reduce the limitation period to one year pursuant to § 42a-2-725 applies to "[actions] for breach of any contract for sale." General Statutes § 42a-2-725 (1). The one year time limitation set out in the warranty agreement therefore does not apply to the claims for innocent misrepresentation (count three), negligent misrepresentation (count four) and violations of CUTPA (count five), which sound in tort. The applicable statute of limitations for counts three and four is General Statutes § 52-577 which provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." As to count five, the statute of limitations period for a CUTPA action is governed by § 42-110g, which provides in relevant part: "An action under this section may not be brought more than three years after the occurrence of a violation of this chapter." General Statutes § 42-110g (f). This action was commenced by service of process on November 21, 2001. The causes of action accrued sometime after the parties entered the agreement in June of 2000, and therefore, the claims set forth in counts three, four and five are well within the three year period provided by §§52-577 and 42-110g. The motion to strike counts three, four and five on the ground that the claims are time barred is denied.
 II. EXPRESS LANGUAGE OF THE AGREEMENT
The defendant moves to strike counts one and two on the alternative ground that the breach of warranty claims are barred by the express language of the warranty agreement. The defendant argues that because the agreement provides that the plaintiff's exclusive remedy is repair or replacement, the breach of warranty claims fail as a matter of law.
While "the agreement . . . may limit or alter the measure of damages recoverable under this article, as by limiting the buyer's remedies to . . . repair and replacement of nonconforming goods"; General Statutes § 42a-2-719 (1); "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this title." General Statutes § 42a-2-719 (2). As discussed above, although the warranty agreement limits the plaintiff's remedy to repair and replacement, that limited warranty has allegedly failed to provide adequate relief because even after the plaintiff demanded that the defendant repair the trucks, the defendant failed or refused to do so. The limited remedy of repair and replacement has therefore failed of its essential purpose, and pursuant to § 42a-2-719 (2), the plaintiff may pursue claims for breach of warranty. Accordingly, the defendant's motion to strike counts one and two on the ground that the claims are barred by the express language of the agreement is denied. CT Page 2979
 III. AFFIRMATIVE CAUSE OF ACTION
The defendant moves to strike count two on the alternative ground that the plaintiff has failed to state an affirmative cause of action. The defendant argues that the claim for breach of the express warranties of merchantability and fitness pursuant to § 42a-2-719 does not constitute an affirmative cause of action. The plaintiff argues that it has set forth sufficient facts to establish a claim for breach of the defendant's warranties of merchantability and fitness for the plaintiff's particular purpose.
As discussed above, pursuant to § 42a-2-719, parties may limit the buyer's remedies to repair and replacement of nonconforming goods. That section also provides, however, that if an exclusive or limited remedy fails of its essential purpose, that remedy may be had as provided in the U.C.C. Although the parties in the present case limited the plaintiff's remedy to repair and replacement, the defendant has allegedly failed or refused to do so. The limited remedy has therefore failed of its essential purpose, and pursuant to § 42a-2-719 (2), the plaintiff may pursue a claim for breach of the express warranties of merchantability and fitness.
The plaintiff has alleged that the defendant is in the business of selling Peterbilt-brand trucks for commercial purposes; (Complaint, ¶ 4); that prior to purchasing the trucks, the plaintiff informed the defendant of the requirements for the trucks, as well as its intended use, and that the defendant assured the plaintiff that the trucks would be suitable. (Complaint, ¶¶ 6, 7.) The plaintiff has sufficiently stated claims for breach of warranties of merchantability and fitness for particular purpose. The defendant's motion to strike count two on the ground that the plaintiff has failed to state an affirmative cause of action is denied.
 IV. ECONOMIC LOSS DOCTRINE
The defendant maintains that the common-law economic loss doctrine bars the plaintiff from asserting claims for innocent misrepresentation, negligent misrepresentation and unfair trade practices in violation of CUTPA in a dispute between commercial parties where the only losses claimed are economic. The defendant argues that based on Flagg EnergyDevelopment Corp. v. General Motors Corp., 244 Conn. 126, 709 A.2d 1075
(1998), tort claims for economic loss based on product failure are precluded by the warranty claims under the Uniform Commercial Code. The plaintiff responds that the defendant's argument is based on a misreading CT Page 2980 of Flagg, and that counts three, four and five are not barred by the economic loss doctrine because they allege facts that are independent from those that give rise to the warranty claims.
"The economic loss doctrine is a judicially created principle which prohibits recovery in tort when the basis for that tort claim arises from violation of a contract and damages are limited to purely economic losses as opposed to personal injury or property damage . . . This doctrine has never been expressly accepted or rejected by our appellate tribunals. Some trial courts have refused to recognize the doctrine, in whole or in part, while other trial level decisions have applied the rule in whole or in particular factual situations." (Citations omitted.) Dobco, Inc. v.Williams Development, Superior Court, judicial district of Tolland, Docket No. CV 99 0072152 (May 17, 2002, Sferrazza, J.) (32 Conn.L.Rptr. 214).
"In Flagg Energy Development Corp. v. G.M.C., 244 Conn. 126 (1998), our Supreme Court held that economic losses arising from the defective performance of a contract for the sale of goods are compensable only through breach of contract and not by way of tort claims . . . While not specifically recognizing the economic loss doctrine in full, that Court cited an oft-noted basis for the doctrine which is that commonly the parties are commercial entities and sophisticated corporations familiar with the type of services rendered, and the consequences . . . likely to result from a failure to perform the contract as promised . . . Such parties are free to negotiate agreements which allocate the risks, insure against potential losses, and adjust the contract price accordingly." (Citations omitted; internal quotation marks omitted.) Id. "A second basis for recognition of the economic loss doctrine is that allowing tort claims for what is essentially a breach of contract would cause tort law to swallow up the body of common law surrounding contracts, including the appropriate measure of damages. Because virtually every breach of contract is the result of intentional or negligent conduct which could be classified as one tort or another, breach of contract law would be rendered superfluous." Id.
Based on Flagg, it appears that Connecticut adopts the economic loss doctrine. The doctrine is, however, subject to limitations. In WilliamsFord, Inc. v. Hartford Courant Co., 232 Conn. 559, 579, 657 A.2d 212
(1995), the defendant argued that the plaintiff's negligent misrepresentation claim was barred because "where the controversy concerns purely economic losses allegedly caused by statements made during the course of a contractual relationship between businesses, it is contract law, rather than tort law, that should apply." The court explicitly rejected the economic loss doctrine as a bar to the claim, CT Page 2981 concluding that "[i]f the plaintiff's complaint otherwise contains the necessary elements of negligent misrepresentation, it survives a motion to strike . . . [A] remedy on the contract is independent of a remedy for negligent misrepresentation. "[2] (Citation omitted; emphasis added; internal quotation marks omitted.) Id. In addition, the economic loss doctrine "appears inapplicable where the tortious conduct lies in the making of the contract such as where fraud or misrepresentation to induce a party to contract is alleged . . ." Dobco, Inc. v. WilliamsDevelopment, supra, Docket No. CV 99 0072152, 32 Conn.L.Rptr. 214, citingD'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 520 A.2d 217 (1987).
"Other jurisdictions that recognize the economic loss doctrine have found a number of exceptions" to the doctrine, including "defendant's actions that are independent of the contract." Worldwide PreservationServices v. The IVth Shea, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 98 0167154 (February 1, 2001, Tierney, J.) (29 Conn.L.Rptr. 1), citing Bradley Factor, Inc. v.United States, 86 F. Sup.2d 1140, 1146 (M.D.Fla. 2000). In Bradley, the court noted that the economic loss doctrine "does not apply to causes of action based upon negligent or intentional torts considered independent of the contractual breach even though a breach of contract action exists." Id., 1144.
In the present case, the plaintiff argues that his claims in tort allege essential facts that are separate from those alleged in support of the breach of warranty claims. The claims for innocent misrepresentation (count three) and negligent misrepresentation (count four) may be considered together. Our Supreme Court has held that "even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth."Williams Ford, Inc. v. Hartford Courant Co., supra, 232 Conn. 575. "A person is subject to liability for an innocent misrepresentation if in a sale, rental or exchange transaction with another, [he or she] makes a representation of a material fact for the purpose of inducing the other to act or to refrain from acting in reliance upon it . . . even though it is not made fraudulently or negligently." (Internal quotation marks omitted.) Gibson v. Capano, 241 Conn. 725, 730, 699 A.2d 68 (1997). "The governing principles [of negligent misrepresentation] are set forth in similar terms in § 552 of the Restatement (Second) of Torts (1977): One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Internal quotation marks omitted.) Williams Ford, Inc. v.CT Page 2982Hartford Courant Co., supra, 232 Conn. 575.
In Flagg, the court reasoned that the misrepresentation and CUTPA claims could not be combined with breach of contract claims because "the misrepresentation and CUTPA claims depend upon allegations of fact that are identical to those asserted in [the plaintiff's] claims." (Emphasis added.) Flagg Energy Development Corp. v. G.M.C., supra, 244 Conn. 126,154. In the present case, the plaintiff's claim for innocent misrepresentation (count three) incorporates the allegations in count one, and additionally alleges that the defendant should have known that the statements it made about the trucks were not true and that it failed to take steps to ensure the truth of the statements. The plaintiff's claim for negligent misrepresentation (count four) incorporates the allegations set forth in count three and additionally alleges that the defendant's statements were made negligently, that it failed to exercise reasonable care and that the plaintiff justifiably relied on the defendants statement's to its financial detriment.
Although both parties are commercial entities and the plaintiff has alleged purely economic losses, the plaintiff's claims for innocent and negligent misrepresentation allege facts that are independent of those alleged for the breach of warranty claims. According to the plaintiff, prior to purchasing the trucks, it informed the defendant of its requirements and specifications, and the defendant assured the plaintiff that the trucks would be suitable. The plaintiff alleges that the defendant did not take proper steps to determine whether the trucks would in fact meet the plaintiff's requirements. For the purposes of a motion to strike, "[w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.)Gazo v. Stamford, supra, 255 Conn. 260. It is implied that the defendant's assurances were made with the intent to induce the plaintiff to purchase the trucks, because the plaintiff would not have entered the contract if the trucks failed to meet the requirements.
Because the defendant's alleged tortious conduct lies in the making of the contract, the claims for innocent and negligent misrepresentation are not barred by the economic loss doctrine. Accordingly, the defendant's motion to strike counts three and four is denied.
As to the claim for unfair trade practices in violation of CUTPA (count five), General Statutes § 42-110b (a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110g (a) provides in relevant part: "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of CT Page 2983 the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages."
The plaintiff's claim for violation of CUTPA incorporates the allegations set forth in count three and additionally alleges that the trucks were prototypes that were not appropriately designed and tested by the manufacturer, that they were not ordinary and customary in the industry, and that they were not suitable for the plaintiff's intended use. The plaintiff alleges that the defendant deliberately concealed these facts from the plaintiff, and that it was unconscionable for the defendant to make the contract subject to a limited warranty.
The plaintiff's CUTPA claim is not based solely on the facts set forth in the breach of warranty claims, but also on the additional allegations that the defendant could not provide the trucks that the plaintiff required and that it deliberately concealed this from the plaintiff. Thus, the claim for unfair trade practices in violation of CUTPA is not barred by the economic loss doctrine, and accordingly, the defendant's motion to strike count five is denied.
For reasons set forth herein the defendant's motion to strike is denied as to all counts.
GALLAGHER, J.